COOPER *v.* ARMOUR *et al.*

*(Circuit Court, N. D. New York. April 17, 1890.)*

MALICIOUS PROSECUTION—WHAT AMOUNTS TO—FILING ACCUSATION.

An action for malicious prosecution will not lie for preferring an accusation before a magistrate charging plaintiff with a criminal offense, if he was not apprehended, and no process was issued for his arrest.

At Law.

*Ward & Cameron,* for plaintiff.

*Stedman, Thompson & Andrews,* for defendants.

WALLACE, J. The question in this case is whether an action for malicious prosecution will lie against defendants, who have preferred an accusation before a magistrate charging the plaintiff with a criminal offense, notwithstanding the plaintiff was not apprehended, and no process

for his arrest was issued by the magistrate. The gist of the action of malicious prosecution is the putting of legal process in force, regularly, for the mere purpose of vexation or injury; and the inconvenience or harm resulting naturally or directly from the suit or prosecution is the legal damage upon which it is founded. Some of the text-writers state that the action will lie whenever the defendant has made a charge of felony against the plaintiff with a view to induce a magistrate or tribunal to entertain it, whether any warrant or other process was issued or not. Steph. Mal. Pros. 8; Add. Torts, § 856. Actions have been maintained in the nature of a conspiracy for procuring a false indictment, and even for preferring a false charge of crime upon which the grand jury refused to indict. But the only decisions cited in support of the proposition that the action of malicious prosecution will lie although a criminal proceeding has not actually been instituted by the issuing of process, where the point actually arose, are in the *nisi prius* case of *Clarke* v. *Postan*, 6 Car. & P. 423, and in the case of *Dawson* v. *Vansandau*, 11 Wkly. Rep. 516, in which, although no process was issued, the plaintiff was taken into custody, and held for examination upon the charge. On the other hand, it was said by PATTESON, J., in *Gregory* v. *Derby*, 8 Car. & P. 749, where there was a charge of stealing, upon which a warrant was issued against the plaintiff, that, "if the party was never apprehended, no action at all would lie;" and in *O'Driscoll* v. *McBurney*, 2 Nott & McC. 54, 55, it was said: "There can be no prosecution without an arrest." The only injury sustained by the person accused, when he is not taken into custody, and no process has been issued against him, is to his reputation; and for such an injury the action of libel or slander is the appropriate remedy, and would seem to be the only remedy. This is the view adopted by Hare & Wallace in their notes to American Leading Cases, (volume 1, p. 173;) and the learned commentators state that slander or libel is the only appropriate remedy where a charge of felony has been made, and warrant was not thereupon issued, and that malicious prosecution, and not slander or libel, is the remedy whenever a warrant has been issued. The question was fully considered by the supreme court of South Carolina in *Heyward* v. *Cuthbert*, 4 McCord, 354,—whether an action for malicious prosecution would lie, founded on a criminal charge upon which no process was issued against the accused; and it was adjudged that it would not. In that case the charge was in the form of an information laid before the magistrate to procure a warrant for the arrest of the plaintiff. To the same effect is the case of *Kneeland* v. *Spitzka*, 42 N. Y. Super. Ct. 470, where the question was decided in an appellate court. In the early case of *Ram* v. *Lamley*, Hut, 113, it was held that an action of slander could not be maintained for an oral charge of felony made to a justice of the peace upon an application for a warrant against the plaintiff, for the reason that, if words so spoken were to be held actionable, "no other would come to a justice of the peace to inform him of a felony." A defamatory statement spoken or written in a legal proceeding, civil or criminal, which is pertinent and material, is so unqualifiedly privileged that its truth can-

not be drawn into question, or malice predicated of it, **in an action** for slander or libel. *Revis* v. *Smith*, 18 C. B. 126; *Lea* v. *White*, 4 Sneed, 111; *Garr* v. *Selden*, 4 N. Y. 91; *Hawk* v. *Evans*, 76 Iowa, 593, 41 N. W. Rep. 368. If, upon considerations of public policy, such an action cannot be maintained, upon the same considerations no other action should lie. Without doubt, libel or slander will lie for an accusation to a magistrate when made with no *bona fide* intention of prosecuting it. Unless such facts can be shown by the person accused, or unless he is subjected to the vexation and expense of process against him, upon principle, he ought not to be allowed to recover. The more generally approved doctrine is that, for the prosecution of a civil action, maliciously and without probable cause, to the injury of the plaintiff, he may maintain an action for damages, although there was no interference with his person or property. *Pangburn* v. *Bull*, 1 Wend. 345; *Whipple* v. *Fuller*, 11 Conn. 582; *Closson* v. *Staples*, 42 Vt. 209; *Eastin* v. *Bank*, 66 Cal. 123, 4 Pac. Rep. 1106; *Allen* v. *Codman*, 139 Mass. 136; *Marbourg* v. *Smith*, 11 Kan. 554; *Woods* v. *Finnell*, 13 Bush, 629; *Pope* v. *Pollock*, (Ohio,) 21 N. E. Rep. 356; *McCardle* v. *McGinley*, 86 Ind. 538; *McPherson* v. *Runyon*, (Minn.) 43 N. W. Rep. 392; *Smith* v. *Smith*, 20 Hun, 555. The cases, however, which sustain this view, do not countenance an action when the vexatious suit has not been actually instituted and prosecuted to such effect that the plaintiff has sustained pecuniary loss.

Inasmuch as the defamatory words which must be set forth in an action for slander or libel are not alleged in the present complaint, the case cannot be treated as an action for slander or libel. The motion for a new trial is denied.