RICE & GORUM v. GEORGE DAY.

[FILED MARCH 2, 1892.]

Wrongful Attachment: JUSTICE OF THE PEACE HAS NO JURISDICTION. An action for a wrongful suing out an attachment under which the property of the debtor was seized, is one for malicious prosecution, and a justice of the peace has no jurisdiction.

ERROR to the district court for Gage county. Tried below before BROADY, J.

*A. D. McCandless,* and *T. F. Burke,* for plaintiff in error, cited, as illustrating the proper construction to be given to sec. 907 of the Code: *Geere v. Sweet,* 2 Neb., 77; *Ray v. Mason,* 6 Id., 101.

*Pemberton & Bush,* and *T. D. Cobbey, contra,* cited: Bouvier, L. D., "Malicious Prosecution."

MAXWELL, CH. J.

This action was brought by the defendant in error against the plaintiffs in error to recover the sum of $700. The cause of action is stated in the petition as follows:

"First—Comes now the plaintiff and alleges that he is a resident of Gage county, Nebraska, and has been for a number of years last past; that he has been engaged in running a livery and feed stable for a number of years in said city of Beatrice.

"Second—That on or about the 21st day of March, A. D. 1889, the above named defendants in suit then pending, wherein they were plaintiffs and George Day was defendant, procured a writ of attachment against the plaintiff for the sum of $189.

"Third—That under and by virtue of said writ of attachment J. W. German, who is a duly elected and acting constable in Wymore, levied upon the following described property: Ten head of horses, one stallion, one two-seated carriage, two spring wagons, three one-seated top buggies, one one-seated open buggy, four sets double harness, three sets single harness, two sleighs, and six robes, one lot of hay and grain.

"Fourth—That said property was appraised at about $700, but in truth and in fact said property was worth not less than $1,400.

"Fifth—That said property was attached by the said J. W. German, constable, upon the 21st day of March, 1889, and upon said day taken out of the possession of this plaintiff, and said property was retained by said constable under and by virtue of the attachment proceedings aforesaid until the 13th day of April, A. D. 1889.

"Sixth—That as soon after said attachment was made as possible this plaintiff proceeded to have said attachment dissolved for the reason that the affidavit for the issuance of the same was false and untrue.

"Seventh—Plaintiff alleges that said affidavit in attachment was not only issued without any probable cause therefor, but was false and untrue, and was willfully, maliciously falsely, and unlawfully sued out, as the plaintiffs in said action (Rice & Gorum) at the time of the issuance of the same well knew.

"Eighth—The grounds for said attachment being that the defendant fraudulently contracted the debt, which grounds were wholly false and known to be so when made; that the debt for which this attachment was made was for

the rent of a livery barn, which had been leased by plaintiff for a couple of years or more.

"Ninth—That upon the 13th day of April, or thereabouts, the attachment was dissolved and the property, by the constable holding the same, returned to this plaintiff.

"Tenth—Plaintiff alleges that by reason of the foregoing unlawful and illegal proceedings plaintiff has been greatly damaged by the loss of the use of the stock aforesaid, the breaking up of plaintiff's business, breakage of vehicles, damages to stallion by improper care, and the other live stock, and also the attorney's fees to procure the dissolution of said attachment. Plaintiff alleges that the damages aforesaid amount to the sum of $700.

"Wherefore, and by reason of the foregoing, plaintiff asks judgment for the sum aforesaid and costs of this action."

On the trial of the cause the jury returned a verdict for the sum of $110 in favor of the defendant in error, and, a motion for a new trial having been overruled, judgment was entered on the verdict. The plaintiffs in error thereupon moved to tax the costs to the plaintiff below on the ground that a justice of the peace had jurisdiction of the action. The motion was overruled and the costs taxed to the defendants below (plaintiffs in error).

Did the court err in its taxation of costs? We think not. Section 907 of the Code provides that a justice of the peace "shall not have cognizance of any action * * for malicious prosecution." At common law, prior to the statute of Marleberge, 52 Henry III, which gave costs to a defendant where the action against him failed, a defendant who had defeated the party bringing the action might bring an action against him for malicious prosecution. The fact that an action was not well founded, had been brought against a party and failed, was sufficient to justify a suit for malicious prosecution, although neither his person nor property had been taken into the custody of

the court.    After the statute of Marleberge above referred to took effect, the general rule has been that in a civil action to justify an action for malicious prosecution there must have been an arrest of the person or a seizure of his property. (*Tomlinson v. Warner*, 9 Ohio, 103; *McFadden v. Whitney*, 18 Atl. R. [N. J.], 62; *Watkins v. Baird*, 6 Mass., 506; *Hayden v. Shed*, 11 Id., 500; *Lindsay v. Larned*, 17 Id., 190; *Stone v. Swift*, 4 Pick. [Mass.], 389; *Wetmore v. Mellinger*, 64 Ia., 741; 52 Am. Rep., 465; *Smith v. Hintrager*, 67 Ia., 109.)

In *Tomlinson v. Warner*, 9 Ohio, 105, it is said: "The counsel for the defendant insist that because the plaintiff's indebtedness to the defendant in the former suit is admitted, there was probable cause for suing out the writ of attachment.    This does not seem to us to follow.    To constitute probable cause for suing out a writ of attachment, the law requires an affidavit of indebtedness, and also that the debtor has absconded, or is non-resident.    The absence of either is absence of probable cause for the writ, and the false affirmation of either fact, knowingly, as a means of procuring the writ, shows express malice, whilst the taking of property without cause is a sufficient injury to sustain the action."    The ground of the action in this case is the false charge, and in law is deemed to be malice or malicious prosecution of which a justice has no jurisdiction.    The judgment therefore is right and is

AFFIRMED.

THE other judges concur.