HARVEY TERRY AND TIMOTHY ELY v. JOHN F. DAVIS et al.

*Action for Damages—Malicious Prosecution, what constitutes.*

An action will not lie for malicious prosecution, in a civil suit, unless there was an arrest of the person or seizure of property, as in attachment proceedings at law or their equivalent in equity, or other circumstances of special damage.

CIVIL ACTION, heard, on demurrer to the complaint, before *Brown, J.*, at January, 1894, Special Term of PASQUOTANK Superior Court.

The facts are substantially the same as reported in the case of *Ely* v. *Davis*, 111 N. C., 24. The defendants demurred to the complaint as follows :

"That the complaint does not state facts sufficient to constitute a cause of action, for the reason that it does not allege that there was an arrest of the *person* of either of the plaintiffs or seizure of their property in any proceeding at law, or their equivalent in equity, or that there was any special damage resulting from the action, and which would not necessarily result in all cases of the like kind."

His Honor sustained the demurrer, and plaintiffs appealed.

*Mr. Harvey Terry*, for plaintiffs (appellants).
*Mr. W. J. Griffin*, for defendants.

MACRAE, J.: This is substantially the same action which is reported under the caption of *Timothy Ely* v. *John F. Davis*, in 111 N. C., 24, being an action to recover damages for malicious prosecution. We then sustained the demurrer upon the ground that there was no allegation in the complaint of want of probable cause, nor statement of facts which, if proved, would establish the want of probable cause in the alleged malicious charge of fraud and false representation.

We proceeded further to intimate, in order that the plaintiffs might understand that this litigation ought to cease, our opinion that an action will not lie for malicious prosecution in a civil suit, unless there was an arrest of the person or seizure of property, as in attachment proceedings at law, or their equivalent in equity, or in proceedings in bankruptcy or like cases where there was some special damage resulting from the action and which would not necessarily result in all cases of the like kind. We affirmed

the judgment below dismissing the action. The plaintiffs seem to have immediately begun an action against the same defendants or their personal representatives. It is here again upon substantially the same complaint, with the addition of the allegation of want of probable cause. We have listened with attention to the argument of counsel and have examined the authorities presented by him, and are still of the opinion that the action will not lie, for the reasons fully stated in the opinion above referred to and which we deem unnecessary to repeat. We need not, therefore, examine the other grounds of demurrer. The judgment of his Honor below sustaining the demurrer and dismissing the action is                   Affirmed.