## McCormick Harvesting Machine Company v. Madison Willan.

Filed December 18, 1901.    No. 10,677.

Commissioner's opinion, Department .No. 3.

1. **Damages:** Malicious Prosecution. Damages are recoverable for the prosecution, maliciously and without probable cause, of a civil action in which there has been no restraint of the person or seizure of property.

2. **Instruction.** An instruction which submits to the jury an inquiry of fact concerning which there is no evidence, is reversable error.

Error from the district court for Lancaster county. Tried below before Tuttle, J.   *Reversed.*

*Ricketts & Wilson,* for plaintiff in error.

*Morning & Berge, contra.*

Ames, C.

This is an action to recover damages for malicious prosecution. The facts, to the extent that a recital of them is deemed requisite for the purpose of this opinion, are disclosed, practically without dispute, in the record, as follows: The plaintiff in error had in its possession certain notes executed to it by the defendant in error and another, and from which it was contended by the defendant in error that he had, for a valuable consideration, been released by an agreement between the parties, and upon which, otherwise, an action was barred by the statute of limitations. Well knowing that upon either or both grounds no right of action existed upon the instruments, the plaintiff, after having, through its agents, demanded and been refused payment, maliciously and for the purpose of injuring and annoying the defendant, at successive times prosecuted suits upon them before justices of the peace in out-of-the-way places in counties far distant from the county of the defendant's residence, which suits were, howeyer, abandoned

and dismissed after the defendant had been put to great inconvenience, labor and expense in preparing to defend against them. For the purpose of giving colorable jurisdiction to the justices, the plaintiff procured irresponsible persons residing in the counties in which the suits were being brought to become apparently bound upon the notes by indorsement of them. The defendant in error, plaintiff below, recovered a verdict and judgment in the district court, which it is sought to reverse by this proceeding. A large number of alleged errors are assigned, two only of which do we think it necessary to decide upon.

The plaintiff contends that an action for damages for malicious prosecution will not lie when the proceeding complained of is a civil suit in which there has been no restraint of the person or seizure of the property of defendant. In support of this contention he cites a paragraph from the opinion of the late Chief Justice MAXWELL, in *Rice v. Day,* 34 Nebr., 100, as follows: "At common law, prior to the statute of Marlbridge (52 Hen. III.), which gave costs to a defendant where the action against him failed, a defendant who had defeated the party bringing the action might bring an action against him for malicious prosecution. The fact that an action was not well founded—had been brought against a party and failed—was sufficient to justify a suit for malicious prosecution, although neither his person nor property had been taken into the custody of the court. After the statute of Marlbridge above referred to took effect, the general rule has been that in a civil action, to justify an action for malicious prosecution, there must have been an arrest of the person or seizure of his property." We do not think, however, that this paragraph was intended to commit the court, or even the writer of the opinion, to the general rule therein stated. It does not do so explicitly, and the matter under consideration was an action for the malicious seizure of property upon a writ of attachment, for the decision of which, or, at any rate, for the reaching of the conclusion arrived at, an invocation of the rule was not requisite.

We therefore regard the question as an open one in this state. As is said by Chief Justice Corliss, speaking for the supreme court of North Dakota, in *Kolka v. Jones,* 71 N. W. Rep., 558, 66 Am. St. Rep., 615, the decisions upon the question in this country are in hopeless conflict. But inasmuch as the rule is not a part of the common law, strictly so called, but was introduced in England by statute, the statute may properly be said to be the reason for it, and in those states, like this, where the statute, or the principle of it, is not in force, the case may with propriety be said to fall under the operation of the maxim that when the reason for a law fails the law itself ceases to exist. We quote from the opinion in the case last cited: "Before the statute of Marlbridge (52 Hen. III.) an action for the malicious prosecution without probable cause of a mere civil action would lie. *Closson v. Staples,* 42 Vt., 209-214; *Lockenour v. Sides,* 57 Ind., 360, 364; *Lipscomb v. Shofner* (Tenn. Supp.), 33 S. W. Rep., 818; *Pope v. Pollock,* 46 Ohio St., 367, 21 N. E., 356, 14 Am. & Eng. Ency. Law, 32. Why this rule should have been departed from after the act of 52 Henry III. had been passed, is apparent from the language of that act. It gave to the defendant who had prevailed in the cause, not merely his costs, but also his damages; and, to make apparent the purpose of parliament to substitute this remedy for the action for malicious prosecution, these costs and damages were given only in actions which were malicious, and not in all actions generally. *Lehigh V. R. Co. v. McFarland,* 44 N. J. Law, 674-676. Subsequent legislation in England shows that the statute of Marlbridge was enacted, not as a general law regulating costs, but to afford a summary remedy to the successful defendant in place of the existing right of action to recover his damages on account of the malicious prosecution of a civil action against him. The statute of Gloucester (6 Edw. I. c. 1) gave the defendant costs where he recovered damages, and finally, by the act of 23 Henry VIII. c. 15, the defendant was given costs in all cases in which he was successful, whether he recovered damages or not, provided the case

was one in which the plaintiff could have recovered costs had he been the prevailing party. *Lehigh V. R. Co. v. McFarland,* 44 N. J. Law, 674-676. The act of the British parliament which was held to take away the existing cause of action for damages for the malicious prosecution of a civil suit was an act which in terms was limited to cases of that kind; and when it is remembered that it gave the defendant, not merely his costs, but also his damages, it is obvious that the statute was framed to give the successful defendant his remedy in the very case in which he was maliciously prosecuted, instead of compelling him to seek redress in an independent action." Not only are the majority of the later decisions in this country in accord with *Kolka v. Jones,* but, in our opinion, they rest upon the more weighty and satisfactory reasons. We have not the time nor space at our command for undertaking an extended criticism of the conflicting opinions upon the subject, and, if we had both, such a course would perhaps prove unprofitable. Certainly nothing would be gained by tabulating their names and places of publication, which, however, is done to a considerable extent in the cases above mentioned. It must suffice for us to say that the statute 52 Henry III., above referred to, did not take away the right of recovery for malicious prosecution in cases like the suit at bar, but provided a specific and exclusive remedy therefor. That remedy has not been adopted in this state, and the reasonable consequence is that the right of action continues to exist, so that this case does not present an instance of a wrong without a remedy, contrary to a time-honored maxim.

We think, however, that a new trial must be granted, because of an inadvertent error committed by the learned judge who presided at the trial in giving an instruction. The jury were told that one of the elements of damages for which the plaintiff below would be entitled to be compensated, in case he should receive a verdict at their hands, would be for the injury to his reputation and credit, if any was shown. It can not be presumed that by this phrase the

McCormick Harvesting Machine Co. v. Willan.

jury were intended to be given to understand that the plaintiff might be awarded a sum of money, as under former rules of practice might have been permitted in an action for slander or libel, on account of injury to his standing in the community for integrity, honor and good citizenship, independent of any actual pecuniary loss resulting therefrom.  The instruction, so construed, certainly could not be upheld, especially in connection with, and as supplemental to, the correct instruction that the plaintiff, in the event of his success in the suit, might be compensated for his mental worry and distress.  This last item covered all of the elements of the former that could properly be taken into consideration, and the former, coupled with it, implied that something additional might be allowed.  What, in this connection, the phrase in question means, and what the judge, had his attention been especially challenged to it, would doubtless have construed it as meaning, is such reputation and credit as affected the business or financial standing and ability of the plaintiff to his actual injury. So construed, the instruction, considered as an abstract proposition of law, is not, we think, objectionable; but, unfortunately, we are unable to find any evidence to which it is applicable; and so the jury were told, in effect, that it was permissible for them to find as a fact a material matter whose existence was not shown by any evidence, or, what perhaps is more likely, the jury, in the absence of such evidence, adopted the former interpretation, and understood themselves to be authorized to make an award of practically exemplary or punitive damages, or, at any rate, of something in addition to compensatory damages, which is not allowable in this state.  The rule is too well settled in this state to require the citation of authorities in its support that the giving of an instruction, faulty in the respect that it submits to the jury an inquiry of fact concerning which there is no evidence, is reversible error.

It is recommended that the judgment of the district court be reversed, and a new trial granted.

DUFFIE and ALBERT, CC., concur.

By the Court: For reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and a new trial awarded.

REVERSED AND REMANDED.