### WADE v. NATIONAL BANK OF COMMERCE OF TACOMA et al.

(Circuit Court, D. Washington, W. D. March 21, 1902.)

MALICIOUS PROSECUTION OF CIVIL ACTION.

Action will lie to recover for injuries to reputation and business caused by malicious prosecution of a civil action without probable cause, in which a complaint was filed containing false and defamatory matter.

At Law. Action to recover damages for alleged malicious prosecution of a civil action, in which the pleadings contained slanderous accusations, injurious to the present plaintiff. Demurrer to complaint overruled.

Stiles & Nash, for plaintiff.
Bogle & Richardson, for defendants.

HANFORD, District Judge. The demurrer to the complaint in this case raises the question whether an action can be maintained to recover damages for injuries to the plaintiff's reputation and business caused by the malicious prosecution of a civil action without probable cause, in which a complaint was filed containing false and defamatory matter; there having been in said action no arrest or detention of the plaintiff, nor seizure of or interference with his property by any form of process. Upon the argument the demurrer was well supported by citations from text-books and adjudged cases. Some of the authorities hold that it is contrary to public policy to permit litigants to reverse their positions, and consume the time of the courts in a mere prolongation of disputes which have been once adjudicated. Others maintain that the taxable costs recovered by a defendant in an action is the legal measure of compensation which he may claim for whatever injuries he may have suffered by being compelled to appear in court and defend an action prosecuted wrongfully; and others hold that the courts of justice must be kept open and free to all who may invoke their protection, and that a plaintiff who submits his controversy for adjudication to a lawfully constituted tribunal should not be subjected to the peril of being sued for damages if he fails to secure a judgment in his favor. By other authorities the rule is established that the allegations of a pleading which are relevant to the issue are privileged, in the sense that, although defamatory and false, an injured person cannot maintain an action to recover compensation for any injury caused thereby. On these several grounds, and upon the authorities referred to, the defendants contend that this action cannot be maintained. For the sake of brevity I will give only a list of authorities cited, without arranging them with reference to the several propositions supported, or commenting thereon: Wetmore v. Mellinger, 64 Iowa, 741, 18 N. W. 870, 52 Am. Rep. 465; McNamee v. Minke, 49 Md. 133; Supreme Lodge v. Unverzagt, 76 Md. 104, 24 Atl. 323; Smith v. Buggy Co., 175 Ill. 619, 51 N. E. 569, 67 Am. St. Rep. 242; Tribune Co. v. Bruck (Ohio) 56 N. E. 198, 76 Am. St. Rep. 433; Terry v. Davis, 114 N. C. 31, 18 S. E. 943; Ely v. Davis, 111 N. C. 24, 15 S. E. 878; Mayer v. Walter, 64 Pa. 283; Mitchell v. Railroad Co., 75 Ga. 398; Bitz v. Meyer, 40 N. J. Law, 252, 29 Am. Rep. 233; Potts v. Imlay, 4 N. J. Law, 377, 7 Am. Dec. 603; Rice v. Day, 34 Neb. 100, 51 N. W. 464; Commerce Co. v. Levi (Tex. Civ. App.) 50 S. W. 606; Biering v. Bank (Tex. Sup.) 7 S. W. 90; Johnson v. King, 64 Tex. 226; Tunstall v. Clifton (Tex. Civ. App.) 49 S. W. 244; Eberly v. Ruff, 90 Pa. 259, 1 Am. Lead. Cas. (4th Ed.) 210; Willard v. Holmes, Brook & Haydens Co., 142 N. Y. 492, 37 N. E. 480; Cooley, Torts (1st Ed.) 188, 189; Id. (2d Ed.) 217, 220; Crockery Co. v. Haley, 6 Wash. 302, 33 Pac. 650, 36 Am. St. Rep. 156; Abbott v. Bank, 20 Wash. 552, 56 Pac. 376; Id., 175 U. S. 409, 20 Sup. Ct. 153, 44 L. Ed. 217; Ray v. Law, Fed. Cas. No. 11,592; Luby v. Bennett (Wis.) 87 N. W. 804.

The defendant also contended that, if the action can be maintained, the recovery must be limited to the amount of the actual pecuniary loss, in the way of expenses necessarily incurred in defending the former suit, over and above the taxable costs (Closson v. Staples, 42

Vt. 209, 1 Am. Rep. 316; Eastin v. Bank, 66 Cal. 123, 4 Pac. 1106, 56 Am. Rep. 77; Brown v. City of Cape Girardeau, 90 Mo. 377, 2 S. W. 302, 59 Am. Rep. 28; 19 Am. & Eng. Enc. Law [2d Ed.] 652), and that as the complaint alleges expenditures amounting to only $500, and no greater sum can be recovered in any event, the amount involved is not sufficient to make a case cognizable in this court.

On the main question,—as to whether the action will lie to recover damages for injury to reputation and business prospects, there is a conflict of authorities; and, as the point has not been decided by an appellate court having jurisdiction to review the decisions of this court, it is necessary to consider the reasons as well as the authorities. The common law of England, so far as it is applicable to existing conditions in this country, furnishes the rule of decision for the courts in this state; and by the ancient common law cases of this nature were controlled by the elementary principle that a wrongful act causing injury entitled the injured party to compensation in money, and there was no rule barring such an action as this on any theory that the rights of an individual may be sacrificed out of regard for public policy or convenience, or any notion that the prosecution of an action in bad faith, and for the mere purpose of inflicting an injury, is a matter of right or privilege. The first departure from this rule of the common law has been traced to an English statute, referred to in the books as the "Statute of Marlbridge" (52 Hen. III.), which gave a successful defendant the right to recover damages as well as costs in the original action. 19 Am. & Eng. Enc. Law (2d Ed.) 652. There being no statute or rule of practice in this state by which a defendant can claim damages for malicious prosecution without bringing an independent action, we are not required to blindly follow English decisions based upon the statute of Marlbridge. All the arguments which may be drawn from the public policy idea, and from consideration of the evil consequences which may result from making one lawsuit the foundation for another, are proper only for consideration of the legislature. The courts are not authorized to create rules changing the law and denying substantial rights for any such reasons. The gravamen of the wrong charged against the defendants is their bad faith, in misusing judicial process, intentionally, to oppress and injure the plaintiff; and I am unable to accept as a right principle the proposition that to employ the judicial power of the government as an instrument to inflict a wanton injury is any man's privilege. It is my opinion that the true doctrine is affirmed in the text-books and decisions denying that a case such as this must be excepted from the general rule making a wrongdoer liable for damages to a party suffering injury as a consequence of his wrongful act. See Cooper v. Armour (C. C.) 42 Fed. 215, 8 L. R. A. 47, and cases therein cited; Newell, Mal. Pros. §§ 23, 24, 26, 28; Eastin v. Bank, 66 Cal. 123, 4 Pac. 1106; Machine Co. v. Willan (Neb.) 88 N. W. 497; Kolka v. Jones (N. D.) 71 N. W. 558, 66 Am. St. Rep. 615.

Demurrer overruled.