WILKINSON v. GOODFELLOW–BROOKS SHOE CO. et al.

(Circuit Court, E. D. Missouri, E. D.   November 17, 1905.)

No. 5,218.

MALICIOUS PROSECUTION—GROUNDS OF ACTION—MALICIOUS INSTITUTION OF BANKRUPTCY PROCEEDINGS.

An action for malicious prosecution will lie for the institution and prosecution of a proceeding in bankruptcy without probable cause and with a malicious intent, although not accompanied by any actual seizure of the alleged bankrupt's property.

[Ed. Note.—For cases in point, see vol. 33, Cent. Dig. Malicious Prosecution, § 16.]

At Law.   On demurrer to petition.

John A. Harrison and R. F. Walker, for plaintiff.
Wm. B. & Ford W. Thompson and Henderson & Becker, for defendants.

FINKELNBURG, District Judge.   This is an action for malicious prosecution, the petition charging that the defendants, with malice and without probable cause, instituted and prosecuted a proceeding in involuntary bankruptcy against plaintiff; that upon a hearing of said proceeding it was adjudged, and decreed that the petitioners had failed to sustain the allegations as to the alleged acts of bankruptcy; and that the proceeding was then and there dismissed by the court, and final judgment rendered in favor of the present plaintiff, the defendant in the bankruptcy proceeding.   It is further alleged that the defendant, with malice and without probable cause, appealed from the judgment and decree of the District Court, and that subsequently said appeal was voluntarily dismissed by the present defendants, whereby said proceeding in bankruptcy was finally determined in favor of the present plaintiff.   The defendants filed a general demurrer on the ground that the petition and the allegations therein contained do not constitute a cause of action against the defendants.

When the demurrer in this case was argued, I thought it well settled that an action for malicious prosecution would lie for maliciously instituting a proceeding in bankruptcy without probable cause.   After examining the exhaustive briefs submitted by counsel on both sides I find I was in error.   The question is not well settled, but seems to be open to much contention.   The argument on the part of the defendants is that a proceeding in bankruptcy, not accompanied by a seizure of the alleged bankrupt's property, is a mere civil action, and that malicious prosecution will not lie for instituting a mere civil action.   The bankruptcy proceeding involved in the case at bar was not accompanied by any seizure of property.

The question whether an action will lie for the malicious institution and prosecution of an ordinary civil suit without probable cause is one on which the authorities are divided; a number of courts of last resort (including Missouri) holding that it will, and a number holding that it will not.   According to the citations in the briefs, it would appear that

numerically the preponderance is somewhat in favor of the affirmative of the proposition, but that is not of importance.   The subject is reviewed by Judge Sherwood in Smith v. Burrus, 106 Mo. 94, 16 S. W. 881, 13 L. R. A. 59, 27 Am. St. Rep. 329, in which case the Supreme Court of Missouri ranged itself on the affirmative side of the proposition.   The federal courts are also divided on the subject.   See Wade v. National Bank of Commerce (C. C.) 114 Fed. 377; Cooper v. Armour (C. C.) 42 Fed. 215, 8 L. R. A. 47; Burnap v. Albert, 4 Fed. Cas. No. 2,170; Tamblyn v. Johnston, 126 Fed. 270, 62 C. C. A. 601.   In the case first mentioned there is a strong and persuasive opinion by Hanford, J., on the affirmative side of the question.   It is true that in the Tamblyn Case Judge Thayer says that the weight of authority is against the right, but the precise question was not before the court in that case for decision, and the remark may be taken as a dictum.

Thus far I have considered the general question whether an action for damages will lie for the institution of an ordinary civil suit not accompanied by any arrest of the person or seizure of property, and we have seen that there is much conflict of authority on this subject.   Passing on, now, to the next question in the case at bar, whether a proceeding in bankruptcy is "a mere civil suit," so as to be involved in the same conflict of authority, or whether such proceeding stands on exceptional grounds, we find a number of English cases, and one decision of the United States Supreme Court, in which suits of that kind were entertained, and in which it was held that the action would lie.   They are as follows:   Farley v. Dawkes, 4 Ell. & Bl. 499; Brown v. Chapman, 1 W. Bl. 427; Whitworth v. Hall, 2 B. & Ad. 698; Hall v. Weakley, 5 C. & P. 361; Cotton v. James, 1 B. & Ad. 128; Johnson v. Emerson, L. R. 6 Exchr. 329; Stewart v. Sonneborn, 98 U. S. 187, 25 L. Ed. 116. But counsel for defendants call attention to the fact that in all these cases the proceeding in bankruptcy was accompanied either by a seizure of the alleged bankrupt's property, the appointment of a receiver, or other process of similar import, and that the effect of these decisions must be limited to such circumstances.   Plaintiff's counsel also cite the following text-writers in support of the right to bring such a suit:   2 Addison on Torts (Wood's Ed.) § 867, p. 81; Cooley on Torts, p. 187; 1 Hilliard on Torts, p. 267; Webb's Pollock on Torts, p. 400; Moak's Underhill on Torts, p. 162.   It is claimed that these also refer to proceedings in bankruptcy accompanied by seizure of property.   No decisions have been found by counsel on either side on the precise question whether an action will lie for the malicious institution and prosecution of a proceeding in bankruptcy, when not accompanied by a seizure of the alleged bankrupt's property; and, in view of the thorough manner in which this case has been briefed by able counsel on both sides, I assume that none exist.

There being no controlling decision, then, on the precise question involved in the case at bar, and the case being one of first impression, so far as this court is concerned, I feel at liberty to adopt that rule which, in my opinion, best comports with the rights of individuals, sound reason, and the ends of justice.   In my opinion, a bankruptcy proceeding

cannot be said to be an ordinary civil suit. It is sui generis, and it is far reaching and drastic in its effects. Whether accompanied by actual seizure of the bankrupt's property or not, it places an embargo on his right to dispose of his property and of his business generally. No prudent person will buy from him, and no prudent person will sell anything to him on credit, even if security is offered, because all transactions between the bankrupt and third persons after the petition in bankruptcy has been filed are liable to be investigated, reviewed, set aside, or controlled as to their validity and effect in case of an adjudication. As the Supreme Court expresses it in Mueller v. Nugent, 184 U. S. 1, 14, 22 Sup. Ct. 269, 275, 46 L. Ed. 405:

"The filing of the petition is a caveat to all the world, and in effect an attachment and injunction."

After the filing of the petition all the property rights of the debtor are practically in abeyance until final adjudication, and those who deal with his property in the interval do so at their peril. Loveland on Bankruptcy, p. 366; Bank v. Sherman, 101 U. S. 403, 25 L. Ed. 866.

For the purpose of this demurrer the court will also take judicial notice of the fact that the filing of a petition in bankruptcy is not only published in the daily press, but is usually, if not invariably, reported by the commercial agencies which rate the financial standing of business men. The effect of all this is apparent. The alleged bankrupt's credit is impaired, if not destroyed, and his business paralyzed. Now, all this may be damnum absque injuria, if the petitioning creditors have instituted the proceeding in good faith, though wrongfully; but if a proceeding with such injurious effects is instituted without probable cause, and with a malicious intent to injure the party proceeded against, there ought to be a remedy for the injury inflicted. Mr. Justice Bradley, in speaking of bankrupt proceedings in Stewart v. Sonneborn, 98 U. S., loc. cit. 201, 25 L. Ed. 116, says:

"The power to throw a man into bankruptcy, and thus destroy his business and all hope for the future, is one of great magnitude to be given to one man over another. A wealthy man or firm, with extensive business connections, having this means of destruction in his hands, wields a tremendous power."

It is an elementary principle of the common law that a wrongful act causing injury entitles the injured party to compensation (Wade v. National Bank [C. C.] 114 Fed. 379), and I cannot see any reason why a person who institutes a bankruptcy proceeding in bad faith, and for the purpose of inflicting injury, should be exempt from this rule. My decision therefore is that the institution and prosecution of a proceeding in bankruptcy, without probable cause and with a malicious intent, may be good ground for an action of malicious prosecution, although the proceeding in bankruptcy was not accompanied by any seizure of the alleged bankrupt's property.

The foregoing disposes of the main question presented to the court. Some subsidiary questions of pleading were touched on in the arguments, and are referred to in the briefs. The objection that the petition is based on two distinct torts which should have been stated in sep-

arate counts does not meet with my assent. I think the institution of the proceedings and the subsequent appeal, if wrongfully done, constitute but one continuous tort for the purpose of this case. The other questions of pleading do not properly arise on a general demurrer. They are more appropriately raised by motions to make more definite and certain and other motions to reform the pleadings.

The demurrer will be overruled.