**Gustavus P. Norin, Appellee, v. Scheldt Manufacturing Company et al., on appeal of Scheldt Manufacturing Company, Appellant.**

**Gen. No. 25,362.**

1. MALICIOUS PROSECUTION, § 1*—*when action will lie.* An action will lie for malicious prosecution of bankruptcy proceedings, as an exception to the rule that an action for malicious prosecution of a civil suit without probable cause will not lie where the process is by summons only unaccompanied by the arrest of the person or seizure of his property.

2. MALICIOUS PROSECUTION, § 13*—*when advice of counsel is no defense.* Acting on the advice of counsel was no defense in a malicious prosecution suit for malicious prosecution of bankruptcy

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

proceedings, where the evidence tended to show that defendant knew that plaintiff was not bankrupt and that his attorney was advised before the petition was filed that plaintiff was worth over $50,000 in excess of his debts, had money in the bank and would deposit the amount claimed in any bank to await the outcome of any suit defendant might bring to collect plaintiff's claim.

Appeal from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed November 4, 1920.

SPENCER WARD, for appellant.

E. W. RICE, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Gustavus P. Norin brought this suit against the Scheldt Manufacturing Company, a corporation, and other defendants to recover for a malicious prosecution. There was a verdict and judgment in his favor for $750, to reverse which defendant, Scheldt Manufacturing Company, prosecutes this appeal. The basis of plaintiff's claim is that the defendant maliciously and without probable cause filed an involuntary petition against him in the United States District Court seeking to have him declared a bankrupt.

The record discloses that plaintiff for a number of years had been a building contractor and was also engaged in the real estate business; that in the prosecution of his work he had purchased building materials from defendant company for a number of years; that defendant claimed plaintiff owed it a balance of about $556, the correctness of which plaintiff disputed and refused to pay more than $350, which defendant refused to accept. The evidence also tends to show that plaintiff and the secretary of defendant company were owners of stock in the Realty Equity Company, a corporation organized with a capital stock of $25,000,

represented by 250 shares of the par value of $100 per share, of which plaintiff had subscribed and paid for 126 shares, and at the time in question plaintiff was the owner of 130 shares; that Scheldt, the secretary of the defendant company, owned 25 shares of the stock and was a director of the company; that the company owned some real estate which was in the name of plaintiff, and that on or about October 1, 1917, Norin conveyed this real estate together with other real estate that belonged to him to Daniel M. Healy, his attorney; that afterwards defendant told plaintiff that unless its bill of $556 was paid, it would institute bankruptcy proceedings against him as plaintiff had transferred all of his property to Healy. The bill not having been paid, on January 31, 1918, defendant filed an involuntary petition in bankruptcy seeking to have plaintiff adjudged a bankrupt.

Evidence was introduced on behalf of plaintiff to the effect that when he was threatened with the bankruptcy proceeding he took the matter up with his lawyer, Healy, and that Healy called up defendant's lawyer and told him that he had heard of the threatened bankruptcy proceeding and that there was no ground for such action as plaintiff was worth $50,000 or $60,000; that he had advised plaintiff who was then at his office to call on defendant's counsel and tender him $350 in payment; that if this was not accepted plaintiff would deposit in any bank in Chicago the amount defendant claimed to await the outcome of any suit defendant might care to bring in any court where the amount plaintiff owed defendant could be determined; that on the same day plaintiff called on defendant's counsel, tendered him the $350 and told him that he had about $1,000 on deposit in the State Bank of Chicago and that he would deposit the amount defendant claimed in any bank in Chicago to guarantee defendant in any judgment it might recover against him on the account; that this proposition was refused.

There was further evidence on behalf of plaintiff tending to show that he owned 130 shares of stock in the Realty Equity Company at the time of filing the bankruptcy petition, which shares were worth $108 per share; that he had some other real property in Minnesota and Indiana, and other equities; that although defendant well knew where plaintiff lived and where he had his business yet the correct address was not given to the United States Marshal in the bankruptcy proceeding and the process there was returned "not found," and afterwards publication made upon the affidavit of one of defendant's counsel who there stated that he was of opinion that plaintiff was concealing himself for the purpose of evading service; that thereafter plaintiff was served in the bankruptcy proceeding by publication and defaulted, and an order entered adjudicating him a bankrupt; that upon discovering this he went into the bankruptcy court, had the default set aside, and a hearing on the merits of the petition was had before Special Master Wean; that evidence was there introduced showing that plaintiff was solvent and defendant's counsel there admitted of record that defendant was without evidence to rebut the fact of solvency established by plaintiff. Thereupon the bankruptcy proceeding was dismissed. Subsequently this suit was brought.

On behalf of defendant the evidence tends to show that there was no dispute about the amount of the bill defendant claimed plaintiff owed but that plaintiff stated that he could not pay it for the reason that he did not then have the money. Defendant also offered evidence tending to show that it had presented all the facts pertaining to the controversy fully and fairly to its counsel who recommended that the bankruptcy petition be filed, and other evidence to the effect that defendant acted in good faith in believing that plaintiff was insolvent.

Defendant contends that an action for malicious

prosecution of a civil suit without probable cause will not lie where the process in the civil suit is by summons only unaccompanied by arrest of the person or seizure of his property. In support of this the case of *Smith v. Michigan Buggy Co.*, 175 Ill. 619, and other cases are cited. In the *Smith* case the Michigan Buggy Company, a Michigan corporation, brought suit against Smith to recover damages for fraudulent representations made by him in inducing it to employ him as a salesman, that he had represented that he had sold for another company about $60,000 worth of buggies each year for the two preceding years; that on such representations he was employed, and that these representations were knowingly false. There was a verdict in that case in favor of Smith who then brought a suit in the circuit court of Cook county to recover damages for such malicious prosecution. The court held the action would not lie and said (p. 627): "We are of the opinion, and so hold, that an action for the malicious prosecution of a civil suit without probable cause will not lie where the process in the suit so prosecuted is by summons only, and is not accompanied by the arrest of the person or seizure of the property, or other special injury not necessarily resulting in all suits prosecuted to recover for like causes of action." In that case our Supreme Court said that there was a contrariety of opinion on this question, but after a careful review of the authorities, the rule above was announced as the law of this State.

In the bankruptcy proceeding, as a result of which the instant case was brought, there was no arrest of plaintiff nor a seizure of his property, and unless it can be said that plaintiff suffered "some special injury not necessarily resulting in all suits brought to recover for like causes of action," the instant case will not lie. Does a proceeding in bankruptcy come within the exception quoted? In 4 Sutherland on Dam-

ages (4th Ed.), sec. 1235, the author says: "The malicious prosecution, without probable cause, of civil suits involving arrest, attachment, sequestration or other interference with person or property, or which is the cause of any special grievance or injury; will, according to the general current of authority, give a right of action. The same has been held of a proceeding to have a person declared insane or bankrupt without probable cause." 1 Cooley on Torts (3rd Ed.), it is said (p. 345): "In some cases an action may be maintained for the malicious prosecution of a civil suit, but the authorities are not entirely agreed what cases are embraced within the rule. The case of the malicious institution of proceedings in bankruptcy is undoubtedly one. If these are instituted maliciously, and without probable cause, and terminate without an adjudication of bankruptcy, an action will lie for the damages sustained." In *King v. D. Sullivan & Co.* (Tex. Civ. App.), 92 S. W. 51, although declaring that the rule in Texas is that an action for the malicious prosecution of a civil suit without probable cause will not lie where there was no arrest of the person or seizure of the property (the same as in this State), yet it was held that such an action might be maintained for the malicious institution of a bankruptcy proceeding. In the case of *Wilkinson v. Goodfellow-Brooks Shoe Co.*, 141 Fed. 218, it was held that an action for malicious prosecution will lie for the institution of a proceeding in bankruptcy without probable cause and with malicious intent although unaccompanied by actual seizure of the bankrupt's property. The court there said: "In my opinion, a bankruptcy proceeding cannot be said to be an ordinary civil suit. It is *sui generis,* and it is far reaching and drastic in its effects. Whether accompanied by actual seizure of the bankrupt's property or not, it places an embargo on his right to dispose of his property and his business generally. No prudent person will buy

from him, and no prudent person will sell anything to him on credit, even if security is offered, because all transactions between the bankrupt and third persons after the petition in bankruptcy has been filed are liable to be investigated, reviewed, set aside or controlled as to their validity and effect in case of an adjudication."

From the foregoing authorities we are of the opinion that by the institution of the bankruptcy proceedings plaintiff suffered special injury not necessarily resulting in other classes of civil actions, and the bankruptcy proceedings being instituted maliciously and without probable cause, plaintiff was entitled to recover.

Defendant next contends that the judgment is wrong for the reason that it acted on the advice of counsel after laying all of the facts fully and fairly before him and that he recommended that bankruptcy proceedings be instituted. The evidence, however, tends to show that defendant knew that plaintiff was not insolvent; that he held a number of shares of stock in the Realty Equity Company, and further there is direct evidence tending to show that defendant's counsel was advised before the petition was filed that plaintiff was worth $50,000 or $60,000 above his debts, that he was not insolvent, that he had money in the bank, and that he would deposit the amount claimed in any bank, to await the outcome of any suit defendant might bring to collect its claim. This question was submitted under proper instructions to the jury. They found in favor of the plaintiff and we think this finding is fully warranted by the evidence. Indeed, no argument is made that the verdict in this regard is against the manifest weight of the evidence.

It is also contended that the bankruptcy proceeding was dismissed by agreement of the parties and that this barred the right of action sought to be enforced in the instant case. We think this is not borne out by the record as it undisputably shows that plaintiff

proved at the hearing before the special master on the petition that he was solvent, and defendant there admitted that it had no evidence to the contrary. Of course, there was nothing to do but dismiss the proceeding.

It is further argued that no malice was shown in the institution of the bankruptcy proceeding and that defendant had probable cause for believing plaintiff was insolvent. From what we have said we think it is obvious that the proceeding was maliciously brought and without reasonable cause to believe plaintiff was insolvent. According to defendant's own testimony, there was only a difference between them of about $200, and defendant well knew, as the jury found, that there was no cause to believe plaintiff was insolvent.

The judgment of the superior court of Cook county is affirmed.

*Affirmed.*

TAYLOR, P. J. and THOMSON, J., concur.