## SPIELBERG v. A. KUHN & BROTHER et al.

No. 2157.   Decided January 31, 1911.   Rehearing Denied, June 14,
1911  (116 Pac. 1027).

1. LIBEL AND SLANDER—QUESTION FOR JURY.  In an action for libel,
   evidence *held* to render the question of justification one for the
   jury.  (Page 279.)

2. LIBEL AND SLANDER—BURDEN OF PROOF.  Where a communication
   was qualifiedly privileged, the burden of proving express malice
   was on plaintiff.  (Page 280.)

3. LIBEL AND SLANDER—PRIVILEGE.  Where plaintiff in libel had been
   an employee of defendant and of another, and was engaged
   with both in separate lawsuits in which his conduct and dealings
   with them were involved, communications by defendant to the
   other were privileged if made in good faith and without malice.
   (Page 280.)

4. APPEAL AND ERROR—REVIEW.  Rulings on questions to witnesses
   are not reviewable unless proper objections were made at the
   time.  (Page 280.)

APPEAL from District Court, Second District; *Hon. J. A.
Howell,* Judge.

Action by William Spielberg against A. Kuhn & Brother,
a corporation, and another.

Judgment for defendants.   Plaintiff appeals.

AFFIRMED.

*P. T. Farnsworth, Jr.,* for appellant.

*H. H. Henderson* for respondents.

STRAUP, J.
This is an action for libel.   The plaintiff, a traveling sales-
man, had been in the employ of Wener, Cohen & Co., cloth-
ing merchants of New York, soliciting orders for them at
Ogden and elsewhere.   Later he entered the employ of the de-

fendants, who also are clothing merchants at Ogden. It was claimed by Wener, Cohen & Co. that while the plaintiff was in their employ, and receiving pay and drawing money from them, he also was working for the defendants. At a time when the plaintiff was temporarily in New York, Wener, Cohen & Co. brought an action against him to recover back the money paid to him by them, amounting to something like $400 or $500. The plaintiff also had some difficulty with the defendants, who, he claimed, wrongfully and in violation of a contract, discharged him. He thereupon brought a suit against them at Ogden for breach of contract claiming damages in the sum of $6625. Arthur Kuhn, one of the defendants, and the secretary and treasurer of the defendant A. Kuhn & Bro., a corporation, and employed by it as a bookkeeper and accountant, on the 25th day of April, 1908, wrote to Wener, Cohen & Co., notifying them that the plaintiff had "jumped his contract with" them, and was "seeking to bring the matter into court;" that they had been informed that he had "done some crooked work" to the injury of Wener, Cohen & Co. while in their employ; and seeking information from them "showing exactly the manner in which you were treated by" the plaintiff. He further stated in the letter, "We wish to say in return for this favor that if there is anything which we can possibly do to assist you in bringing Spielberg to justice we shall do so. We find him a very peculiar character, and we should like to have your opinion and the facts as you know them in his case." The letter was written on a letter head of A. Kuhn & Bro. and was signed, "A. Kuhn & Bro., Arthur Kuhn, Sec.-Treas." On the 29th day of April Wener, Cohen & Co. in reply wrote A. Kuhn & Bro.: "That we would be very much pleased to supply you with some information regarding his (plaintiff's) actions with us, but to enable us to frame this information, so that it can be used in your suit against him, we would ask you to kindly inform us at what time during the months of August, September and October, or previous to these months, he was in your employ and under contract with you. Upon receipt of this information we will gladly mail you whatever communications we

have, and which you will be privileged to use." In response to this letter Arthur Kuhn, on the 5th day of May wrote Wener, Cohen & Co., giving them the months in which the plaintiff was in the employ of A. Kuhn & Co. and stated: "On April 13th he jumped his contract, and has been away from our place of business ever since. Our attorney now asks for information, showing that Spielberg is crooked and is a contract jumper, and was considered so by your firm, for we understand that he beat you out of $450. We have evidence for you, if necessary, to the effect that William Spielberg sold samples out of your line, and appropriated the money to his own use without sending same to you. He sold an overcoat out of your line of samples to a respectable and worthy citizen of our city for the sum of ten dollars. The person to whom he sold the overcoat is named Frank Goddard, who is willing to serve your case if necessary. Spielberg is now running a sale for Ben Cohen, a merchant of Ogden, and is to receive ten per cent. of the gross sales, payable at the end of the contract, which is to the end of the sale. It is supposed that this sale will last for three or four weeks. We suggest that you might recover the amount which Spielberg beat you out of by jumping in on the contract before he receives his money from Mr. Cohen. If you desire, we shall procure the best legal talent in our community to protect your interests, or to take up correspondence with you in the matter. What our attorney desires is all the evidence you can give to show Spielberg up in his true character, and this evidence can be used by you against him when the proper time comes. We shall be glad to help you all we can to bring such a blackmailing liar to justice. Trusting you will be able to assist us by return mail, and trusting you will give us an idea of any favor you may demand from us in return, we are," etc. The letter was subscribed as heretofore shown.

The action for libel is based on this letter. The particular statements alleged to be libelous are those charging plaintiff with selling samples of Wener, Cohen & Co. and appropriating the money to his own use, and those calling him a "blackmailing liar." He claimed $8000 compensatory damages

and $3000 exemplary damages.  The defendant A. Kuhn &
Bro. answered the complaint, denying, on information and
belief, the material allegations thereof, and pleading that the
letter was written without its knowledge or consent or au-
thority.  The defendant Arthur Kuhn, in answer to the com-
plaint, admitted writing the letter, otherwise denied the ma-
terial allegations thereof, and pleaded truth of the alleged
false and libelous statements in justification and in mitiga-
tion, and that the communication was privileged.  The case
was tried to the court and a jury.  A verdict was returned in
favor of the defendants.  The plaintiff appeals.

Complaint is made on the ground of insufficiency of the
evidence to show a justification, or that the communication
was privileged, and that the court, for that reason, erred in
refusing plaintiff's motion to direct a verdict in his favor, and
in overruling his motion for a new trial.  The court,
under instructions, submitted the questions, both of
justification and privilege, to the jury.  No complaint
is made of that, except that the evidence was insufficient to
show a justification or that the communication was privileged.
The defendants adduced evidence showing admissions made
by the plaintiff that he sold a sample overcoat of Wener,
Cohen & Co. to one Frank Goddard for ten dollars, and that
he intended to "yense" (cheat) them out of the ten dollars,
and that they "would never see a cent of that ten dollars and
that he wished all of his 'swatches' (samples) were in over-
coats so that he might turn them into cash."  The defendants
also adduced evidence showing that the plaintiff stated to an
employee of the defendants that he needed a witness in his
suit against the defendants for breach of contract, and that
"he (the employee) was the only available witness who
could do him any good, and that if he would appear and
testify" for the plaintiff "he would divide the judgment that
might be recovered after paying the attorney's fee."  Cohen,
of Wener, Cohen & Co., told Oscar Kuhn that the plaintiff
while in their employ had appropriated $400 belonging to
them.  It was also shown that the plaintiff also stated to
Oscar Kuhn that he, at a time stated, was obliged to leave

New York "or get pinched." These matters all occurred, and had been communicated and made known to Arthur Kuhn, before he wrote the letter in question. We think the evidence sufficient to let the question of justification to the jury.

We are also of the opinion that the evidence was sufficient to show that the communication was qualifiedly or conditionally privileged, and that the burden of **2, 3** proving express malice was cast on the plaintiff. No such proof was made by him. We think it was clearly made to appear that Wener, Cohen & Co. and A. Kuhn & Bro. had a common interest in the subject-matters concerning which the communications were carried on between them, and that they sustained such a relation toward each other in the premises as to make it reasonably proper for one to give to the other information concerning the conduct and dealings of the plaintiff. (25 Cyc. 393, 396, and cases there cited.) The plaintiff had been an employee of both firms. He was engaged with both in separate lawsuits, in which his conduct and dealings with them were involved. The communications, though derogatory of the character of the plaintiff as some of the statements were, made under such circumstances by one firm to the other, were privileged, if made in good faith and without malice.

Questions are also raised relating to the charge of the court, and the refusal of the court to charge as requested by the plaintiff. They involve questions relating to justification and privilege similar to those just considered.

Questions are also raised relating to rulings of the court in permitting certain witnesses to answer particular questions over plaintiff's objections. Some of these rulings are not reviewable for want of proper objections made at **4** the time; others, if erroneous, were harmless.

The judgment of the court below is affirmed, with costs.

FRICK, C. J., and McCARTY, J., concur.