477 P.2d 150

Claudia HILL, by and through her Guardian ad Litem, Mary Hill Fogel, Plaintiff and Appellant,

v.

GRAND CENTRAL, INC., a Utah corporation, Defendant and Respondent.

No. 12082.

Supreme Court of Utah.

Nov. 25, 1970.

Henriod, J., concurred in result.

Pete N. Vlahos, Ogden, for plaintiff-appellant.

Rex J. Hanson, Leonard H. Russon, Salt Lake City, for defendant-respondent.

ELLETT, Justice:

The appellant appeals from the granting of a summary judgment against her in her action for libel.

After she filed her complaint wherein she alleged malice on the part of the defendant, the defendant without answering moved to dismiss the complaint for failure to state a claim under Rule 12(b) (6), U.R.C.P.

The order of the court was unique:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. That defendant's motion to dismiss plaintiff's complaint be denied.

2. That plaintiff be granted 30 days from the date of this hearing to produce evidence to support her allegations of actual malice.

3. That upon failure of the plaintiff to produce evidence to support her allegations of actual malice, within 30 days, defendant will be granted a summary judgment upon defendant's motion for the same.

Thereafter the defendant moved for summary judgment. Interrogatories were propounded by the plaintiff and answered by the defendant and an affidavit was filed by plaintiff's attorney. Based upon the pleadings, the affidavit of plaintiff's counsel and defendant's answers to interrogatories the court granted the motion for summary judgment.

We think at a pretrial conference, after the issues are stated by way of pleadings on both sides, it is proper for the court to make inquiry as to what evidence will support a contention and to eliminate those issues which cannot be supported by competent proof. However, we do not think it is proper for a court to require a plaintiff to state what proof he will produce on an issue which has not even been raised.

True it is that when a motion to dismiss is accompanied by affidavits it may be treated as a motion for summary judgment, yet the court should not on his own initiative try to convert a motion for dismissal into one for summary judgment. He has no more right to ask the plaintiff how he will establish his claim than he has to require the defendant to state what its defense will be. It would have been highly improper for the court, on the motion to dismiss, to have given the defendant 30 days to present proof as to the truth of the alleged statement or as to the lack of malice.

The answers to the interrogatories in this case were apparently taken as being true since the summary judgment was based upon them, at least in part.

Summary judgment is never used to determine what the facts are, but only to ascertain whether there are any material issues of fact in dispute. If there be any such disputed issues of fact, they cannot be resolved by summary judgment even when the *parties* properly bring the motion before the court.

In any case where answers to interrogatories are to be used to establish a fact, they can only be used as admissions against the party making them. They are objectionable when offered by the party making them because they are self-serving and not subject to cross-examination.

The trial judge performed the full measure of his duty when he overruled the defendant's motion to dismiss for failure to state a claim. He was in error in dismissing the complaint as he did.

The judgment of dismissal is reversed with directions to reinstate the complaint and to proceed with the case pursuant to the Rules of Civil Procedure.

Costs are awarded to the appellant.

CROCKETT, C. J., and CALLISTER and TUCKETT, JJ., concur.

HENRIOD, J., concurs in the result.