**HOLBROOK COMPANY, a Utah Corporation, Plaintiff and Appellant,**

v.

**Stanley S. ADAMS et al., Defendants and Respondents.**

**No. 14005.**

Supreme Court of Utah.

Nov. 4, 1975.

Charles C. Brown and F. Burton Howard, of Boyden, Kennedy, Romney & Howard, Salt Lake City, for plaintiff-appellant.

John S. Adams, of Adams, Kasting & Anderson, Salt Lake City, for defendants-respondents.

CROCKETT, Justice:

Plaintiff Holbrook Company sued the three named defendants, alleging they were a partnership dba The Exchange, for the value of work and materials furnished in remodeling the building at 39 Exchange Place in Salt Lake City: one count is in quantum meruit and one is for failure to file the bond required by Section 14–2–1, U.C.A.1953, to protect those furnishing such services. Defendants do not question that those causes of action are sufficiently stated. They filed a verified motion to dismiss, asserting therein that they were not a partnership; and that neither as a partnership nor individually had they contracted with the plaintiff. In opposition thereto plaintiff filed the affidavit of its president, Mr. Ben Holbrook, averring dealings with Mr. Stanley Adams, through architects hired by the latter, concerning requesting the remodeling in question; and also presented a certificate which had been filed with the Secretary of State in which Stanley S. Adams had certified that the three defendants were carrying on business at the named premises under the assumed name of "The Exchange." Pursuant to a hearing the trial court ruled that The Exchange Place Social Association, a non-profit corporation, was the "proper defendant," granted plaintiff ten days to refile against it, and dismissed the action as to the individual defendants. Plaintiff appeals.

It is not made clear in the record whether the trial court treated the defendants' "motion to dismiss" as a motion to dismiss for failure to state a claim under Rule 12(b)(6) U.R.C.P., or as a motion for summary judgment under said Rule and under Rule 56. Defendants' brief states that they "would agree with plaintiff's allegation that, due to the acceptance of evi-

dence and exhibits outside of the pleadings themselves, the trial court's ruling was one treating and granting defendants' motion as a motion for summary judgment."

In spite of the concession just recited, (with which we agree) [1] defendants' position seems to be predicated upon the fallacious assumption that there has been what amounts to a presentation of evidence and a determination upon the merits. This is the gravamen of their argument as shown by statements in their brief, some of which we excerpt:

"  .  .  .  Judge Hanson could have ruled (and presumably did rule), by determining upon the *evidence* before him that these defendants did not act in an individual capacity and that, upon this sole question, no material issue of fact existed."

Further: "The lower court did have a duty *to examine the entire evidence* and, upon that evidence, to 'ascertain whether there are any material issues of fact in dispute.'"

They continue "the court *had more than ample evidence before it* upon which to rule that defendant Adams was not acting in an individual capacity  .  .  ." in the dealings with the plaintiff; and proceed to supplement that argument by stating that "among other *evidence*, the lower court had the following before it  .  .  ." and sets forth averments of facts recited in their motion to dismiss.

The error in the position essayed by the defendants is brought down to focus in this statement:

Plaintiff's position in its brief appears to be simply that in order for there to exist "a material fact" which is "genuinely at issue" counsel *need only submit one affidavit* or make one statement *which disagrees with another affidavit* or statement of the opposing party. This is simply not the case. [All emphasis added]

■ With the proposition just quoted from the defendant's brief we cannot agree. The contrary is true:. it only takes one sworn statement under oath to dispute the averments on the other side of the controversy and create an issue of fact. This is analogous to the elemental rule that the fact trier may believe one witness as against many, or many against one.

We have no concern here about the reasonableness or the persuasiveness of the defendants' contentions that plaintiff knew defendant Stanley Adams was president of another corporation, Investestate, and that the plaintiff knew or should have known that he was not acting in his individual capacity. It may well be that if this had been a trial upon evidence, the defendants could have so persuaded the court.

■ It is not the purpose of the summary judgment procedure to judge the credibility of the averments of parties, or witnesses, or the weight of evidence. Neither is it to deny parties the right to a trial to resolve disputed issues of fact. Its purpose is to eliminate the time, trouble and expense of trial when upon any view taken of the facts as asserted by the party ruled against, he would not be entitled to prevail. Only when it so appears, is the court justified in refusing such a party the opportunity of presenting his evidence and attempting to persuade the fact trier to his views.[2] Conversely, if there is any dispute as to any issue, material to the settlement of the controversy, the summary judgment should not be granted.

■ In accordance with what we have said it is necessary that the order of dismissal be vacated and the case remanded for further proceedings.

Costs to plaintiff (appellant).

HENRIOD, C. J., and ELLETT, TUCKETT and MAUGHAN, JJ., concur.

1. See *Hill v. Grand Central Inc.*, 25 Utah 2d 121, 477 P.2d 150, 151.

2. See *Tanner v. Utah Poultry & Farmers Cooperative*, 11 Utah 2d 353, 359 P.2d 18.