**Elizabeth SORENSON, Plaintiff and Appellant,**

v.

**Gary E. BEERS and Evelyn Beers, his wife, Jeffrey Merrill and Celeste B. Merrill, his wife, Matt Biljanic, and Lockhart Co., Defendants and Respondents.**

No. 15477.

Supreme Court of Utah.

Oct. 3, 1978.

---

3. 127 Cal.App.2d 754, 274 P.2d 730, 24 Cal. Rptr. 225 (1954).

4. 1 Utah 2d 354, 267 P.2d 237 (1954).

5. 1 Utah 2d 9, 261 P.2d 927 (1953).

6. Utah, 560 P.2d 1383 (1977).

7. Utah, 558 P.2d 594 (1976).

8. *Id.* at 596.

Walter R. Ellett, W. Michael Howery, Murray, for plaintiff and appellant.

Keith G. Biesinger, Louis H. Callister, Jr., Salt Lake City, for defendants and respondents.

MAUGHAN, Justice:

The plaintiff initiated these proceedings in the District Court of Salt Lake County seeking a judgment against the individual defendants declaring a certain trust deed to be void and against the Lockhart Company seeking a judgment equal to the reasonable market value of the property sold pursuant to the trust deed. The District Court determined there was no genuine issue of fact to be tried as to the plaintiff's claim against the Lockhart Company, and determined the Lockhart Company was entitled to judgment as the matter of law. On a later date the court granted a motion for summary judgment in favor of the individual defendants, and against plaintiff. It ordered restitution of the premises occupied by plaintiff, and summary judgment in the sum of $2,833.33, for the reasonable rental value of the premises in possession of plaintiff.

Plaintiff appeals. We reverse and remand for trial, in accordance with this opinion. All statutory references are to U.C.A. 1953. Costs to plaintiff.

Plaintiff had executed a trust deed to Lockhart Company securing a promissory note, which trust deed covered a parcel of real property situated in Salt Lake County, State of Utah. Plaintiff failed to make payments on the promissory note according to its terms; and Lockhart Company, through its successor trustee, on November 23, 1976, recorded the declaration of default and demand for sale, and gave notice of a trustee's sale to be held April 1, 1977.

On March 21, 1977, plaintiff talked with defendant Matt Biljanic, an attorney at law, about the sale and it is the plaintiff's version of the conversation as related in her deposition that Biljanic agreed to represent her and to see what might be done to enable her to retain the property. It was also the plaintiff's understanding that Biljanic would purchase the property and give the plaintiff an opportunity to repurchase. Biljanic in his deposition stated he did not represent plaintiff at the time of the sale. He also said he had informed her he could not do so, because he represented a creditor of the plaintiff.

Prior to the sale, Biljanic talked to Lawrence Hogge, the branch office manager of Lockhart Company in Murray. Based on that conversation, Hogge was under the impression Biljanic represented the plaintiff. Hogge related in his deposition it was his impression Biljanic was present at the sale, because of their conversation of the evening before.

At the sale defendant Gary E. Beers became the purchaser of the property covered by the trust deed. The conveyance to Beers was later altered to include Evelyn Beers, Jeffrey Merrill and Celeste B. Merrill as grantees. Both Beers and Biljanic testified in their deposition they were purchasing the property jointly even though Biljanic's name did not appear on the conveyance as a grantee.

■ The sale of the trust property by the trustee complied with the provisions of 57–1–28, and notice of the plaintiff's default and the procedures of the Lockhart Company in following its notice of default complied with the provisions of 57–1–31, and in view of these circumstances we must conclude that summary judgment entered on behalf of the Lockhart Company was proper.

■ As to the summary judgment subsequently entered in favor of the individual defendants, it appears there was conflict in the evidence as presented by the depositions of the parties as to whether an attorney-client relationship existed between plaintiff and defendant Biljanic. If such a relationship existed, applicable here is the general rule that an attorney at law cannot buy and hold for himself, adversely to the interest of his client, property of the client which is sold at a judicial sale.[1] If such a relationship existed and its existence was known by defendant Beers, his title as well as that of Biljanic could be invalid.

■ Rule 56(c), Utah Rules of Civil Procedure provides a summary judgment may be rendered where there is no genuine issue as to any material fact, and that moving party is entitled a judgment as a matter of law. This Court in a number of decisions has laid down the rule that in ruling on a motion for a summary judgment the court may consider only facts which are not in dispute and that motion should be granted only when all the facts entitling the moving party to a judgment are clearly established or admitted.[2]

CROCKETT, WILKINS and HALL, JJ., concur.

ELLETT, C. J., having disqualified himself, does not participate herein.

---

1. *Gaffney v. Harmon*, 405 Ill. 273, 90 N.E.2d 785, 20 A.L.R.2d 1273; see also annotation 20 A.L.R.2d 1284.

2. *Holland v. Columbia Iron Mining Co.*, 4 Utah 2d 303, 293 P.2d 700; *Hill v. Grand Central, Inc.*, 25 Utah 2d 121, 477 P.2d 150; *Holbrook Company v. Adams*, 542 P.2d 191.