**BEKINS BAR V RANCH, a Utah Corporation, Plaintiff and Appellant,**

v.

**UTAH FARM PRODUCTION CREDIT ASSOCIATION, Defendant and Respondent.**

**No. 15563.**

Supreme Court of Utah.

Nov. 14, 1978.

Ralph J. Hafen, Salt Lake City, for plaintiff and appellant.

Lowell V. Summerhays of Robinson, Guyon, Summerhays & Barnes, Salt Lake City, for defendant and respondent.

WILKINS, Justice:

This is an appeal from an order of dismissal entered in response to a motion to dismiss filed before answer and supported by affidavits and other materials outside the pleadings. The trial court treated this motion as one for summary judgment, and ordered a dismissal on the merits.

Plaintiff's complaint alleges that defendant miscalculated and/or misrepresented the amount due on a secured note and induced a $17,180.69 overpayment by submitting a false payoff statement. Defendant did not answer but filed a motion to dismiss with affidavits that its calculations and bookkeeping were accurate, and that it had released security in reliance on the payment as final. Plaintiff filed no counter affidavits. Defendant's motion and affidavits were filed on October 4, 1977, and noticed for hearing on October 14, 1977. The court after hearing argument on the motion, took the matter under advisement, and shortly thereafter issued a memorandum decision to the effect that it was treating the motion to dismiss as a motion for summary judgment and granting judgment of dismissal. Based on the outside material (the affidavits), the court evidently concluded that defendant had submitted an accurate payoff statement and/or that the payment, in any event, constituted an accord and satisfaction.

The record reveals that the motion to dismiss was not specifically denominated—under the Utah Rules of Civil Procedure (hereafter Rule or Rules)—a Rule 12(b) motion, nor did it expressly state that the motion was based upon failure to state a claim upon which relief could be granted under 12(b)(6).[1] The record further reveals that no notice was given to plaintiff (in advance of the memorandum decision) that the motion under Rule 12(b) would be treated by the court as a Rule 56 motion. The issue here then is whether there was compliance with the Utah Rules of Civil Procedure in the disposition of this matter.

This record does not clearly show that plaintiff was given ". . . reasonable opportunity to present all material made pertinent . . ."[2] by a Rule 56 motion for summary judgment.

We hold that it is necessary that the record clearly and affirmatively demonstrate that when a motion to dismiss is made and ". . . matters outside the pleading are presented to and not excluded by the court . . ."[3] that all parties (including, of course, the non-movant which was the plaintiff in this case) are given reasonable opportunity to present additional pertinent material if they wish.[4]

---

1. Rule 12(b) states in pertinent part:

   Every defense . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join an indispensable party. . . . If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, *and all*

   *parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.* [Emphasis added.]

2. Id.

3. Id.

4. See the Advisory Committee Note in Moore's Federal Practice, Vol. 2A, Par. 12.01(9), p. 2215 where it is stated in relevant part:

   It will also be observed that if a motion under Rule 12(b)(6) is thus converted into a summary judgment motion, the amendment insures that both parties shall be given a reasonable opportunity to submit affidavits and extraneous proofs to avoid taking a party by surprise through the conversion of the motion into a motion for summary judgment.

Reversed and remanded for further proceedings consistent with this opinion. Costs to appellant.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.