278

GEM TRADING COMPANY, INC., *Plaintiff*, v. CUDAHY COR-
PORATION, *Respondent*, ROBIN VAN WOERDEN,
ET AL, *Appellants*.

*Perry J. Robinson,* for appellants.

*Halverson, Applegate & McDonald* and *David H. Putney,* for respondent.

GREEN, J.—Robin Van Woerden appeals the trial court's summary dismissal of his claims for libel and malicious prosecution against Cudahy Corporation.

Two issues are presented: (1) Can it be said, as a matter of law, that certain statements made by Cudahy Corporation were qualifiedly privileged and that Cudahy had not abused that privilege? and (2) Must the plaintiff in a malicious prosecution action based upon a civil proceeding allege an arrest or seizure of his property and some special injury in order to maintain his action?

The pleadings and affidavits upon which the summary judgment was granted reflect the following facts. In late 1973, Cudahy Corporation employed Robin Van Woerden as manager of its Bar S cattle feedlot in Sunnyside, Washington. Among other things, Mr. Van Woerden was responsible for keeping an adequate supply of feed on hand for current needs. During the spring of 1974, he entered into several contracts with feed companies for barley and hay. These contracts included substantial advance orders for feed from Lees–Carney & Co. and Coast Trading Co., and 10,000 tons of hay cubes from Gem Trading Co. Cudahy repudiated these contracts on the ground that Mr. Van Woerden had exceeded his authority when he ordered feed in those quantities. According to Cudahy, the feedlot

manager, without being authorized to do so, was speculating that feed prices would continue to climb and, therefore, purchased far more grain than was necessary for the immediate consumption of the cattle. On the other hand, Mr. Van Woerden claims that he acted with authority and that Cudahy repudiated the contracts because the cattle population on its feedlot decreased dramatically in the spring of 1974 following a drop in both cattle and feed prices. As a result, Cudahy needed less feed than Mr. Van Woerden had anticipated.

In August 1974, Gem Trading Co. commenced suit against Cudahy Corporation for breach of its contract to purchase 10,000 tons of hay cubes, claiming $162,000 in damages. Cudahy answered, denied the claim and filed a third–party complaint against Mr. Van Woerden and two officers of Gem Trading. In the third–party complaint, Cudahy alleged that Mr. Van Woerden and the others had conspired to defraud Cudahy and had negotiated the contract for advance delivery of the hay cubes pursuant to this purpose. Cudahy also alleged that Mr. Van Woerden had either intentionally or negligently violated its policy of purchasing feed only in the amount necessary to serve the immediate needs of the feedlot.

In response, Mr. Van Woerden cross–claimed for libel. This cross claim specified separate acts of libel on Cudahy's part: (1) The allegations in Cudahy's third–party complaint concerning a conspiracy to defraud, and (2) Two letters written by Cudahy to Lees–Carney & Co. and Coast Trading Co., which contained the following language:

> This is to advise you that we will not accept delivery of the commodities identified in the following order numbers, together with any *unauthorized purchase orders* signed by Robin Van Woerden of which we may not be aware of at this time.

(Italics ours.) Mr. Van Woerden claimed that he had acted with full authority and that the statements made by Cudahy in its third–party complaint and in its letters were

untrue and had damaged his professional reputation. However, Mr. Van Woerden did not allege that Cudahy had acted maliciously or without first investigating the truth of its accusations. In its answer, Cudahy again denied Mr. Van Woerden's authority to enter into the contracts which he in fact entered into in the spring of 1974.

Gem Trading and Cudahy Corporation settled for the sum of $10,000, and in November 1976, the court dismissed both the main action and Cudahy's third–party complaint. In March 1977, Cudahy moved for summary judgment on Mr. Van Woerden's cross claim for libel. In opposition to the motion, Mr. Van Woerden by affidavit reiterated the allegations contained in his cross claim and further stated that Cudahy's voluntary dismissal with prejudice of its third–party complaint was evidence that the charges in that complaint were baseless. On April 1, 1977, the court granted Cudahy's motion for summary judgment, but gave Mr. Van Woerden 1 week to amend his cross claim.

The amended cross claim alleged that Cudahy's third–party complaint based on a fraudulent conspiracy was malicious and without probable cause. Cudahy denied this allegation, again moved for summary judgment, and the court summarily dismissed Mr. Van Woerden's cross claim for malicious prosecution.

██ Initially, Mr. Van Woerden contends that the first summary judgment order was improper because genuine issues of material fact existed concerning whether Cudahy's letters were qualifiedly privileged and whether Cudahy lost that privilege by acting maliciously or recklessly. A communication is qualifiedly privileged when it touches upon a matter in which the publisher has an interest and is made to another having a corresponding interest. *Twelker v. Shannon & Wilson, Inc.,* 88 Wn.2d 473, 478, 564 P.2d 1131 (1977), citing *Fahey v. Shafer,* 98 Wash. 517, 167 P. 1118 (1917); *Ecuyer v. New York Life Ins. Co.,* 101 Wash. 247, 256, 172 P. 359 (1918). The publisher loses his qualified privilege if he acts maliciously or recklessly, *i.e.,* with

knowledge that the communication is false or before making a good faith and reasonable investigation to determine the truth of his statement. *Ward v. Painters' Local 300,* 41 Wn.2d 859, 866, 252 P.2d 253 (1953); *Walker & Assocs., Inc. v. Remie Jaussaud & Assocs.,* 7 Wn. App. 70, 497 P.2d 949 (1972). When the defendant does not dispute that he uttered the words, the question of privilege is one of law for the court. *Ecuyer v. New York Life Ins. Co., supra* at 256; *Ward v. Painters' Local 300, supra* at 865. If there is any evidence tending to show malice or the absence of good faith, the plaintiff has the right to have the question of abuse of privilege submitted to the jury. *Ecuyer v. New York Life Ins. Co., supra* at 256; *Fahey v. Shafer, supra* at 522.

Here, Cudahy and the corporations to which it wrote the allegedly libelous letters shared a common business interest. Cudahy believed it had a valid excuse for not performing the contracts, and the corporations had an interest in knowing what that excuse was so that they could determine whether they had a cause of action against Cudahy for breach of contract. Since Cudahy did not dispute either the fact that it had made the statements or the context in which they were made, the trial court's holding, as a matter of law, that a qualified privilege protected Cudahy's remarks was correct.

█ The remaining question is whether a genuine issue of material fact existed concerning abuse of this qualified privilege. In the case of a summary judgment, the moving party has the burden of proving, by uncontroverted evidence, the nonexistence of any genuine issue. *Twelker v. Shannon & Wilson, Inc., supra* at 479. If Mr. Van Woerden had placed in issue the question of Cudahy's good faith, then Cudahy, as the moving party, would have been required to support its motion by some evidentiary material beyond its pleadings. *Twelker v. Shannon & Wilson, Inc., supra* at 479. Neither Mr. Van Woerden's pleadings nor his affidavit raises any issue concerning malice or recklessness on Cudahy's part. Having failed to do so, the court

properly granted Cudahy's motion for summary judgment on the libel claim.

Second, Mr. Van Woerden asserts that the trial court erred when it dismissed his amended cross claim for malicious prosecution arising from Cudahy's third–party complaint.[1] In Washington, in order to maintain an action for malicious prosecution based on a civil proceeding, the plaintiff must allege and submit proof of arrest of his person or seizure of his property, and some special injury sustained thereby which would not necessarily result from all suits prosecuted for like causes of action. *Petrich v. McDonald*, 44 Wn.2d 211, 266 P.2d 1047 (1954); *Manhattan Quality Clothes, Inc. v. Cable*, 154 Wash. 654, 283 P. 460 (1929); and *Abbott v. Thorne*, 34 Wash. 692, 76 P. 302 (1904). In his amended cross claim, Mr. Van Woerden alleged that Cudahy's third–party complaint charging him and others with conspiracy was malicious and totally unfounded. He argues that this court should lift the traditional limitations on actions for malicious prosecution and should allow him to proceed with his suit without alleging either arrest or seizure of property. We decline to do so.

██ Our state has strictly limited the right to bring suit for malicious prosecution of civil actions, reasoning that such suits intimidate prospective litigants and that the public policy favors open courts in which a plaintiff may fearlessly present his case. *Abbott v. Thorne, supra* at 217. Although *Abbott* was decided 74 years ago, the rule was reaffirmed in 1929 and again in 1954. *Manhattan Quality*

---

[1]Mr. Van Woerden has characterized the action taken by the trial court on the malicious prosecution claim as a summary judgment; Cudahy, as a CR 12(c) motion to dismiss on the pleadings. When the operative facts are undisputed and the central issue of dismissal is a question of law, there is no reason for treating a rule 12(c) motion like a summary judgment motion if whatever might be proven by the materials beyond the pleadings would be immaterial. *Ortblad v. State*, 85 Wn.2d 109, 111, 530 P.2d 635 (1975). The crucial question in the dismissal of the malicious prosecution action is whether Mr. Van Woerden has to prove some type of arrest or seizure of property and special injury as a result of the conspiracy claim against him. Under the *Ortblad* analysis, the form of the motion dismissing the malicious prosecution action is unimportant.

*Clothes, Inc. v. Cable, supra; Petrich v. McDonald, supra.*
Even if this court had authority to overrule this long–
established precedent, we would decline to do so because
the rationale of *Abbott* remains valid today. While certain
actions are unfounded and cause defendants needless
expense and hardship, many of these actions may be termi-
nated early through proceedings such as summary judg-
ment or judgment on the pleadings. While it is true that
the mere filing of the unfounded action may damage a
defendant, we are satisfied that the policy which favors
open courts outweighs the defendant's interest.

Mr. Van Woerden also contends for the first time on
appeal that RCW 4.24.350, which became effective after the
trial court dismissed his complaint, creates a cause of action
for malicious prosecution in cases where no arrest or seizure
of property has occurred. RCW 4.24.350 provides:

> In any action for damages, whether based on tort or
> contract or otherwise, a claim or counterclaim for dam-
> ages may be litigated in the principal action for malicious
> prosecution on the ground that the action was instituted
> with knowledge that the same was false, and unfounded,
> malicious and without probable cause in the filing of such
> action, or that the same was filed as a part of a conspir-
> acy to misuse judicial process by filing an action known
> to be false and unfounded.

This statute does not aid Mr. Van Woerden. The legisla-
ture's purpose in enacting RCW 4.24.350 was to allow a
defendant to cross–claim for malicious prosecution within
the context of the principal action. The purpose of the
statute was to abrogate the common–law requirement that
the plaintiff in a malicious prosecution action must prove,
in order to maintain the action, that the previous action
was either abandoned or terminated on its merits in favor
of the plaintiff. *Peasley v. Puget Sound Tug & Barge Co.*,
13 Wn.2d 485, 497, 125 P.2d 681 (1942). The other com-
mon–law requirements for a malicious prosecution action,
including the requirement of arrest or seizure of property,
remain. Had the legislature intended to exclude the
requirement of arrest or seizure of property, it would have

explicitly stated that intent as it did in excluding the requirement that the principal action must be concluded in the defendant's favor before he may initiate a malicious prosecution action. Statutes in derogation of the common law are strictly construed, and a legislative intent to change the common law must appear with clarity. *In re Estate of Tyler,* 140 Wash. 679, 684, 250 P. 456, 51 A.L.R. 1088 (1926); *Kuehn v. Faulkner,* 136 Wash. 676, 241 P. 290, 45 A.L.R. 571 (1925); *McDermott v. Kaczmarek,* 2 Wn. App. 643, 648, 469 P.2d 191 (1970); *see* Comment, 53 Wash. L. Rev. 805, n.50, at p. 816 (1978); and Comment, 14 Willamette L.J. 401, 415 (1978).

Therefore, we hold that the trial court was correct when it dismissed Mr. Van Woerden's claim for malicious prosecution because he had not alleged either arrest or seizure of his property as is required in Washington.

Affirmed.

MUNSON, C.J., and McINTURFF, J., concur.

Reconsideration denied February 6, 1979.

Review granted by Supreme Court May 4, 1979.