[No. 7807–1–I.   Division One.   February 2, 1981.]

RAY H. FENNER, ET AL, *Appellants*, v. PHILIP G. LINDSAY, ET AL, *Respondents*.

*Breskin, Roseblume & Robbins* and *Robert O. Conoley,* for appellants.

*Lasher, Johnson & Sweet* and *Earl Lasher III,* for respondents.

Durham, J.—The plaintiffs, Ray and Susan Fenner, appeal from a summary judgment order dismissing their complaint for malicious prosecution.

The plaintiffs Fenner and the defendants Philip and Susan Lindsay own adjoining parcels of land. A driveway easement runs alongside the length of the Lindsay parcel and ends abutting the Fenner parcel. The gist of the Fenners' complaint is that the Lindsays maliciously obstructed their attempts to develop their parcel through various legal proceedings between 1974 and 1977 relating to the Fenners' use of the easement, and that, as a result, they were unable to carry out their development plans until 1979. Only two of the four actions complained of involved both the Fenners and the Lindsays. The first action involved neither.

First action. In February 1974, Dillis Knapp, a developer,

purchased a parcel of land in Seattle and sought to subdivide it into two parcels. Initial administrative approval was obtained but was contested by Robert and Pamela Miller, owners of an adjoining lot. The city council ultimately upheld the subdivision. Meanwhile, in August 1974, Knapp sold an unimproved portion of his land to the Fenners. Knapp sold the remaining portion, including the finished home thereon, to the Lindsays in April 1975.

Second action. In September 1975, Dr. Ole Jensen, owner of a lot adjoining the Fenner parcel and also abutting the easement, sought a variance permitting him to use the driveway as access for a residence he intended to build on a portion of his parcel. He was opposed by the Lindsays, the Millers, and another couple, on the grounds that increased use of the driveway would create fire and safety hazards and diminish the economic and aesthetic value of the adjoining parcels. The fire department and department of community development also opposed the variance. The variance was denied by the hearing officer. The Fenners were not involved in this action.

Third action. In July 1976, the Fenners sought a building permit for their parcel, which also depended upon the driveway for access. Their application was challenged by the same parties who opposed the Jensen variance, which included the Lindsays, on virtually the same grounds. This time, the hearing officer ruled in favor of the Fenners and they were issued a building permit in September 1976.

Fourth action. In October 1976, the Lindsays and the Millers, after retaining a law firm that specialized in land use, sought review of the issuance of the Fenners' building permit by a writ of certiorari. In March 1977, while the certiorari action was pending, Dr. Jensen, having modified his proposal to satisfy the fire department, again applied for a variance. The Lindsays and Millers were advised by their attorneys that if Jensen were granted a variance, the Fenners could probably get one as well, even if their building permit were vacated in the certiorari action. Therefore, the Lindsays and the Millers entered into an agreement

with the Fenners on May 16, 1977 to continue the certiorari action until Jensen's variance application was decided, and to dismiss it if Jensen received a variance. Jensen subsequently received a variance and the certiorari action was dismissed in July 1977.

In December 1977, the Fenners filed this action for malicious prosecution against the Lindsays alone. The action was dismissed upon the Lindsays' motion for summary judgment, and the Fenners now appeal from the order dismissing the case.

The Fenners contend that a question of material fact exists as to their damages and injuries resulting from the Lindsay proceedings. Specifically, they argue that the legal proceedings constituted a "constructive seizure" of their property.

The requirement for seizure of property in an action for malicious prosecution was set forth in *Petrich v. McDonald,* 44 Wn.2d 211, 266 P.2d 1047 (1954):

> *[U]nless there is interference with the person or property by a provisional remedy such as arrest, injunction or attachment as an incident to the maintenance of an action,* a suit for malicious prosecution will not lie . . .

*Petrich v. McDonald, supra* at 220, quoting with approval from *Adley Express Co. v. Corn Exch. Bank Trust Co.,* 99 F. Supp. 406 (S.D.N.Y. 1951). In *Gem Trading Co. v. Cudahy Corp.,* 92 Wn.2d 956, 603 P.2d 828 (1979), the court expressly retained seizure of the type set forth in *Petrich v. McDonald, supra,* as an element of malicious prosecution.

It is undisputed that the Lindsays never sought to prevent the Fenners from proceeding with construction on their land by resorting to provisional remedies such as attachment or preliminary injunctions. Ray Fenner stated in his deposition that he decided not to proceed with construction during the pendency of the certiorari proceedings only because he was unsure what the ultimate length and cost of those proceedings would be. This is insufficient to meet the requirements of *Petrich v. McDonald, supra.*

Neither do the Fenners' legal costs and alleged mental distress constitute the requisite type of injury, absent seizure of property. *Petrich v. McDonald, supra.*

The Fenners also ask this court to limit the strict rules of *Petrich v. McDonald* and apply instead the principles of RCW 4.24.350. Implicit in this argument is the question of whether RCW 4.24.350 abrogates the common law requirement of seizure of property. RCW 4.24.350 reads:

> In any action for damages, whether based on tort or contract or otherwise, a claim or counterclaim for damages may be litigated in the principal action for malicious prosecution on the ground that the action was instituted with knowledge that the same was false, and unfounded, malicious and without probable cause in the filing of such action, or that the same was filed as a part of a conspiracy to misuse judicial process by filing an action known to be false and unfounded.

In *Gem Trading Co. v. Cudahy Corp., supra,* our Supreme Court found it unnecessary to decide if RCW 4.24.350 was intended to abrogate the common law requirement of seizure of property. The issue was reached, however, by the Court of Appeals in that case, *Gem Trading Co. v. Cudahy Corp.,* 22 Wn. App. 278, 588 P.2d 1222 (1978). The court there held that the statutory purpose was to permit a defendant to cross–claim for malicious prosecution by abrogating the common law requirement of showing prior abandonment by the plaintiff, or termination in favor of the defendant. It refused, however, to find a legislative intent to abrogate the requirement of seizure of property in the absence of express statutory language to that effect because the statute, being in derogation of the common law, was to be construed strictly. *Gem Trading Co. v. Cudahy Corp.,* 22 Wn. App. 278, 284–85, 588 P.2d 1222 (1978).

This interpretation is consistent with the long–established policy in Washington that the elements of malicious prosecution are strictly construed in order ""not to hamper the litigant or intimidate him from fully and fearlessly presenting his case."" *Gem Trading Co. v. Cudahy Corp.,* 92 Wn.2d 956, 964, 603 P.2d 828 (1979), quoting with approval

from *Abbott v. Thorne,* 34 Wash. 692, 76 P. 302 (1904). The Fenners present no argument or citation in support of their interpretation of the statute. The statute is procedural and should not be interpreted to abrogate the substantive requirement of seizure of property.

Since the record fails to show that the Lindsays' legal proceedings were accompanied by any seizure of Fenner property, the suit for malicious prosecution was properly dismissed for lack of a necessary element. This court need look no further in affirming the decision below and need not discuss the remaining assignments of error.

The Lindsays have moved to dismiss this appeal for failure of the Fenners to comply with the commissioner's order regarding the amendment of their brief. In view of the disposition on the merits it is not necessary for the court to consider the motion.

Affirmed.

JAMES, C.J., and RINGOLD, J., concur.