Bruce E. LIND and Kent Jolley,
Plaintiffs and Appellants,

v.

Eugene B. LYNCH, Defendant
and Respondent.

No. 18319.

Supreme Court of Utah.

May 25, 1983.

---

4. McCormick, Handbook of Evidence (E. Cleary, 2d ed., 1972), at p. 347.

Lawrence R. Peterson, Jr., Salt Lake City, for plaintiffs and appellants.

Grant C. Aadnesen, Salt Lake City, for defendant and respondent.

HOWE, Justice:

Plaintiffs Lind and Jolley, president and attorney, respectively, of A.M.R. Corporation, appeal seeking the reversal of a summary judgment in which the trial court dismissed their libel action against defendant Lynch, a stockholder in the same corporation.

Plaintiffs brought their action after defendant mailed a proxy solicitation to the stockholders of the corporation in which he cited allegations of what he termed fraud, deceit and conspiracy in an ancillary complaint filed against plaintiffs in the United States District Court of Utah. In the proxy solicitation, the defendant commented upon the allegations made by the U.S. Attorney in the complaint. He also endeavored to answer the refutation of those allegations which plaintiffs had made in the margin of a copy of the complaint. Plaintiff had copied and mailed copies of the complaint with these marginal notations to the A.M.R. stockholders prior to defendant mailing the proxy solicitation.

The trial court entered summary judgment based upon defendant's proxy solicitation which was attached to plaintiffs' complaint as an exhibit, and also upon the full text of the ancillary complaint with plaintiffs' accompanying marginal notations. The latter was provided to the court at a hearing on a motion made by defendant to dismiss under Rule 12(b)(6), Utah Rules of Civil Procedure. While plaintiffs' complaint alleged that "... the defendant knew that the allegations in said solicitation were false and defamatory and maliciously caused the same to be published[,]" no evidence regarding malice was offered at the hearing on the motion to dismiss prior to the granting of summary judgment.

The trial court held:

The defendant's Motion for Summary Judgment of Dismissal is granted, it being the Court's holding that as a matter

of law, defendant had the right to refer to the allegations made by the United States Attorney, and did not exceed that privilege.

Plaintiffs argue, however, that it was improper for the trial court to grant summary judgment against them where only a motion to dismiss was made. They cite *Hill v. Grand Central, Inc.,* 25 Utah 2d 121, 477 P.2d 150 (1970) for support. In that unique case, the trial court denied defendant's motion to dismiss but said that it would grant a summary judgment if the plaintiff did not produce evidence to support allegations of actual malice within 30 days from the date of hearing. This Court reversed, concerned that summary judgment "never be used to determine what the facts are, but only to ascertain whether there are any material issues of fact in dispute." *Id.* at 123, 477 P.2d at 151. The Hill case is inapposite to the case before us. Unlike the trial court in the Hill case, the trial court in the case at bar did not require plaintiffs to state what proof they would produce on an issue which had not been raised. Rather, the court properly followed Rule 12(b) and granted a summary judgment where matters outside the pleading, namely the ancillary complaint with marginal notations, were presented to it.

Rule 12(b) of the Utah Rules of Civil Procedure provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

According to this rule, even though defendant's motion was initially for dismissal because of plaintiffs' failure to state a claim upon which relief could be granted under Rule 12(b), once the ancillary complaint which was outside the pleadings was presented to and not excluded by the court, the motion was properly treated as one for

summary judgment under Rule 56. Even where a motion is erroneously characterized as a motion to dismiss, if matters outside the pleadings are presented and not excluded, the motion is properly treated as one for summary judgment. *Strand v. Associated Students of University of Utah,* 561 P.2d 191 (1977). See also *Bekins Bar V Ranch v. Utah Farm Production Credit Ass'n.,* Utah, 587 P.2d 151 (1978). Cf. *Hughes v. Housely,* Utah, 599 P.2d 1250 (1979); *Harvey v. Sanders,* Utah, 534 P.2d 905 (1975).

As to the merits of this summary judgment, it has long been held that communications between persons who share a common business interest are qualifiedly privileged and not libelous in the absence of malice. *Gem Trading Co. v. Cudahy Corp.,* 22 Wash.App. 278, 588 P.2d 1222 (1979) where a qualified privilege protected allegedly libelous statements in letters a corporate employer had written about an employee with whom the employer shared a common business interest; *Sylvester v. Armstrong,* 53 Wyo. 382, 84 P.2d 729 (1938) where a letter written by a stockholder concerning another stockholder's conduct in managing the hotel corporation was found to be qualifiedly privileged; *World Oil Co., Inc. v. Hicks,* Texas, Civ.App., 46 S.W.2d 394 (1932) where a director's letter to stockholders in which a judgment creditor was called a parasite, thief, and law violator was held qualifiedly privileged; and, *Stroud v. Harris,* 5 F.2d 25 (1925) where a letter from one bondholder (and stockholder) to other bondholders regarding the manager of the corporation was held qualifiedly privileged in the absence of malice. See generally 50 Am.Jur.2d Libel & Slander, § 168, § 270 (1970); 53 C.J.S. Libel & Slander, § 109 (1948).

There is no claim in the complaint in the instant case that the charges made by the U.S. Attorney in the ancillary complaint were based upon false information given by the defendant. Consequently, the trial court's ruling that "defendant had the right to refer to the allegations made by the United States Attorney" is sustainable as a matter of law. *Barlow v. International*

*Harvester Co.,* 95 Idaho 881, 522 P.2d 1102 (1974). Defendant, plaintiffs and the other stockholders shared a common business interest; and, defendant published his letter only to them. His letter was protected by a qualified privilege unless he maliciously published it. *Combes v. Montgomery Ward & Co.,* 119 Utah 407, 228 P.2d 272 (1951); *Spielberg v. Kuhn & Brother,* 39 Utah 276, 116 P. 1027 (1911).

In *Gem Trading Co. v. Cudahy Corp.,* supra, the court held that because neither pleadings nor affidavit raised any issue of malice, the court properly granted a motion for summary judgment on the libel claim. The court stated:

> If [appellant] Mr. Van Woerden had placed in issue the question of [respondent] Cudahy's good faith, then Cudahy, as the moving party, would have been required to support its motion by some evidentiary material beyond its pleadings.

*Id.* 22 Wash.App. at 282, 588 P.2d at 1225.

In the case before us, the allegation in plaintiffs' complaint of malice required the defendant to have supported his motion by some evidentiary material that there was no malice. The record shows that defendant made no effort in that regard. Therefore, the plaintiffs' allegation of malice stood unchallenged and the granting of the motion for summary judgment on that issue was error.

Had defendant presented some evidentiary material refuting any malice on his part, and had the plaintiffs failed to respond to it, the trial court could have ruled that there was no genuine issue of fact on the question of whether the publication was made without malice. *Williams v. Standard-Examiner Publishing Co.,* 83 Utah 31, 27 P.2d 1 (1933). Because that was not done, we affirm the summary judgment insofar as it holds that defendant's communication was qualifiedly privileged; but, we must reverse and remand that part of the case concerning the issue of malice for consideration by the trial court.

Affirmed in part; reversed and remanded in part. No costs awarded.

OAKS and DURHAM, JJ., concur.

STEWART, J., concurs in the result.

HALL, Chief Justice: (concurring and dissenting).

I join that portion of the Court's opinion that recognizes the privilege defendant had to make reference to and comment upon the complaint filed by the United States Attorney against plaintiffs. However, I do not join the remainder of the opinion that vacates the summary judgment.

I deem plaintiffs' bare allegation of defendant's purported state of mind as being of no legal consequence under the particular facts of this case. The trial court had before it the full text of the libel asserted, together with the full text of the subject complaint. On the face thereof, and without the necessity of further evidence, the claimed libelous publication of the defendant reflects that it was nothing more than a comment upon the allegations contained in an official complaint, on file as a public record, which had already been published to all of the stockholders of AMR Corporation, and already commented upon by plaintiffs. Defendant clearly did not exceed the privilege he had to comment thereon, regardless of his motive. However, his motivation was also plain on the face of the documents, *i.e.,* to exercise the privilege he had to comment on the content of the complaint, particularly in light of the fact that plaintiffs had already seen fit to do so.

I would affirm the judgment in its entirety.