**W.W. AND W.B. GARDNER, INC., a Utah corporation, Plaintiff and Respondent,**

v.

**Clealon MANN, Defendant and Appellant.**

No. 18572.

Supreme Court of Utah.

Feb. 21, 1984.

Richard S. Nemelka, Salt Lake City, for defendant and appellant.

Gary A. Dodge, Robert G. Holt, Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

Defendant Clealon Mann had summary judgment entered against him in the Third Judicial District in Salt Lake County. He appeals, seeking a reversal on the grounds

that genuine issues of material fact exist. We reverse.

Respondent Gardner, Inc. ("Gardner") is a road paving company. Appellant Mann is president of Ensign Development Corporation ("Ensign"). In the summer of 1979, Gardner paved some roads for Ensign on two subdivisions known as Free Country Estates and Bunker Hill. Ensign was billed $22,762.86 for this work. Ensign did not pay, and Gardner filed a notice of mechanic's lien covering both subdivisions. In the fall of 1979, Ensign asked Gardner to do more work on another subdivision known as Willow Hills. Gardner began the work, but requested security for Ensign's unpaid debt. Ensign assigned Gardner two promissory notes secured by trust deeds on two lots in Willow Hills, and Gardner completed working on Willow Hills.

Ensign's debt had still not been paid by September 1980, and the deadline was approaching for filing an action to foreclose on the mechanic's lien held by Gardner on Free Country Estates and Bunker Hill. After negotiations, Gardner agreed not to enforce the mechanic's lien if Mann would give a personal promissory note for part of the debt Ensign owed. Mann signed his personal promissory note for the amount of $22,763.86. Mann claims that at the time he signed the note he instructed Gardner's agent that any proceeds Gardner received from the trustee's sale of the two Willow Hills lots were to be applied first to the amount of Ensign's debt which was represented by Mann's personal note. Mann further claims that Gardner's agent agreed to this allocation before accepting the note. Gardner claims that no such instructions were given until many months later.

In July 1981, a trustee's sale was held for the two Willow Hills lots. Gardner applied the proceeds of this sale first to the remaining balance of Ensign's debt unsecured by Mann's note and then against Mann's individual debt created by his note. A debt of over $20,000 remained on Mann's note. Gardner brought this action to collect on the note.

The sole issue we must decide is whether the motion for summary judgment was properly granted. Summary judgment may only be granted where there is no dispute as to any material issue of fact. *See Hill v. Grand Central, Inc.*, 25 Utah 2d 121, 123, 477 P.2d 150, 151 (1970). This Court has characterized the motion for summary judgment as a "harsh measure" and therefore required that the opposing party's contentions be considered in a light most advantageous to him with all doubts resolved in favor of permitting him to go to trial. *Controlled Receivables, Inc. v. Harman*, 17 Utah 2d 420, 423, 413 P.2d 807, 809 (1966). Furthermore, we have stated:

> [I]t only takes one sworn statement under oath to dispute the averments on the other side of the controversy and create an issue of fact. This is analogous to the elemental rule that the fact trier may believe one witness as against many, or many against one.

*Holbrook Company v. Adams*, Utah, 542 P.2d 191, 193 (1975).

In its statement of points and authorities in support of its motion for summary judgment, Gardner argued that Mann had admitted in his deposition that all conversations relating to the allocation of the Willow Hills notes took place after the execution of Mann's personal note. Gardner quoted portions of Mann's deposition in support of this conclusion. The quoted language does not defeat Mann's claim. In the quoted portion, Mann only states that all *telephone* conversations with Gardner's agent about the allocation took place after the personal note was signed. This does not refute Mann's claim in his affidavit that he instructed Gardner's agent as to the allocation at a personal meeting of the two at the time the personal note was signed.

Gardner changes its approach on appeal and attempts to argue that Mann cannot vary the terms of an unconditional promissory note by parol evidence. But, as Gardner parenthetically notes, an exception to the conclusive presumption that a complete writing contains a whole agreement

between the parties is a showing of fraud. *State Bank of Lehi v. Woolsey*, Utah, 565 P.2d 413, 418 (1977). Mann alleges that Gardner, through its agent, agreed to apply the proceeds from the trustee's sale to that portion of Ensign's debt that was secured by Mann's personal note before applying any of the funds to the balance of Ensign's debt. He further alleges that this representation was false (by which we understand him to mean that it was made without the present intention to perform the agreement), that it was intentionally or recklessly made for the purpose of inducing him to sign the promissory note, and that, acting reasonably and in ignorance of its falsity, he did in fact rely on the representation to his injury. Such allegations are sufficient to raise an issue of fraud, *Berkeley Bank for Cooperatives v. Meibos*, Utah, 607 P.2d 798, 801 n. 2 (1980), and make inapplicable the parol evidence rule.[1]

■ There being a material issue of fact as to whether Gardner agreed to allocate the proceeds of the trustee's sale to Ensign's debt before accepting Mann's note, the order and judgment of summary judgment is reversed and the case is remanded for trial.

HALL, C.J., and OAKS and HOWE, JJ., concur.

STEWART, J., concurs in the result.

---

**1.** Because Mann has alleged fraud, we need not decide whether the parol evidence rule is inapplicable for other reasons, for example, on the grounds that the alleged agreement as to the allocation of the proceeds was "a separate agreement, not in contradiction of the written document." *See F.M.A. Financial Corp. v. Hansen Dairy, Inc.*, Utah, 617 P.2d 327, 329 (1980).